## JONES v. BETHEL.

*Real property—Easements—Way of strict necessity not estab-
lished by evidence, when—Grant of way by implication
where original tract divided—Situation of parties when
tract divided, determines implied grant—Access through
other land to tract touched by private way, immaterial—
Presumption of implied grant strengthened by title by
partition—Reasonable necessity sufficient to imply grant
of private way, when.*

1. In suit to enjoin obstruction of private way, evidence as
   to inconvenience and obstructions preventing construction
   of another way to plaintiff's land *held* not to show right
   to use way by strict necessity.
2. Where private way was constructed on one part of single
   tract, and was open, apparent, and in use at time of
   division of tract, and reasonably necessary to enjoyment
   of part not covered by way and materially adding to its
   value, a grant of way in favor of such part arises by
   implication.
3. Situation of parties at time single tract is divided deter-
   mines grant by implication of private way in favor
   of part of tract not covered by way.
4. In determining whether grant of private way may be
   implied in favor of land owned by plaintiff which was
   part of single tract with defendant's land containing
   way, it is immaterial whether plaintiff may get to part
   of tract touched by way through other land owned by
   him.
5. That title to separate tract was made by partition affords
   a stronger presumption of an implied grant of private
   way in favor of such part not covered by way than
   would otherwise arise.
6. To imply grant of private way in favor of part of tract
   partitioned not covered by way, it need only be reason-
   ably necessary to such part.

(Decided October 28, 1925.)

[1] Easements, 19 C. J. § 196; [2] Id., § 103; [3] Id., § 102;
[4] Id., § 103; [5] Id., § 106; [6] Id., § 112.

Appeal: Court of Appeals for Hocking county.

*Messrs. Pettit & Pettit,* for plaintiff.
*Mr. Edwin D. Ricketts* and *Mr. H. E. Sparnon,* for defendant.

Middleton, J. This cause comes into this court on appeal and was submitted on the evidence. The plaintiff seeks to enjoin the defendant from obstructing a certain private roadway. The material facts necessary to be understood for an intelligent consideration of the controversy are substantially as follows:

The plaintiff is the owner of a tract of land containing approximately 110 acres, which is rectangular in form and comprises a long narrow strip about 800 feet wide and running the long way in a north and south direction. The plaintiff also owns a 40-acre tract lying west of the first-named tract and abutting thereon. A public highway passes through the 40-acre tract. The 110-acre tract is bounded on the south by the land now owned by one Stiers, and the latter's land is bounded on the south by the lands of the defendant.

A well defined and formed private road leads from a public highway on the lands of the defendant over his lands and across the lands of Stiers to the 110-acre tract of the plaintiff, and this road touches the plaintiff's tract at a considerable distance from his 40-acre tract and much farther from the opposite end of the 110-acre tract. In this connection it may be said that the evidence establishes that the north end of plaintiff's 110-acre

tract does not touch any public highway, and egress from that end must be had over lands owned by outside parties. We do not regard this fact as material, however, for reasons which will be noted hereafter. Furthermore, it may be said that we think the evidence establishes that the construction of a way from that part of plaintiff's land touched by the private way in question over the north end of plaintiff's land would be impracticable, if not impossible. This observation is equally true of the south end of plaintiff's land. It is shown that intervening between that part of plaintiff's land reached by the private way and the 40-acre tract is a deep ravine, bounded on both sides by steep hills. This situation likewise prohibits the construction of a road over the south end of plaintiff's land by reason of the expense it would incur, which would be out of proportion to the value of the land to be served.

We refer to these matters only for the reason that counsel in argument have dealt with them to a great extent in discussing the rights of the plaintiff under a claim by strict necessity to the way in controversy. This feature of the case may be disposed of by saying that the evidence does not establish the right of the plaintiff to the use of this way either by prescription or by strict necessity.

It appears from the record that the plaintiff's 110-acre tract, the Stier's tract lying to the south, and the defendant's land adjoining the Stiers' tract, as aforesaid, at one time comprised a single body of land owned by one John Scott and his wife. Scott held this single tract from 1864 to

1879. It is further shown that, during his owner-
ship, if he did not construct this private way he
maintained and used it in the operation of the land,
and that it has been used since that time as a way
to that part of plaintiff's farm it reaches by the
successors in title to Scott. It further appears that
about 1879, at a judicial sale of Scott's land, Albert
Bethel and Joshua Bethel purchased the same, and
that later Albert Bethel and Joshua Bethel dis-
solved their tenancy in common by making con-
veyances to each other. Under this partition of
the single tract Albert acquired what was then
known as the George Bethel tract, which is the
110-acre tract now owned by plaintiff, and Joshua
Bethel acquired the land now owned by Stiers and
by William Bethel. Albert Bethel conveyed the
110-acre tract to George Bethel, and George Bethel
in turn conveyed the tract to the plaintiff herein
about 1921. Stiers acquired his land indirectly
from Joshua Bethel about ten years ago, and Wil-
liam Bethel is also the successor in interest of
Joshua Bethel.

We are impelled to the conclusion that the
record of the ownership of this land, the manner
in which it was first divided, and the fact that at
the time of such division the road in question was
open, apparent, and in use, and doubtless had been
used by both of the then owners of the single
tract, establishes an implied grant of this way and
brings the case clearly within the doctrine of
*Baker* v. *Rice,* 56 Ohio St., 463, 47 N. E., 653. That
case establishes the rule that where a private way
is constructed from one part of a single tract of
land to another part thereof, and it is apparent

and in continuous use and reasonably necessary to the enjoyment of that part of the land to which it had been constructed, and adds to its value, if the owner of the single tract divides and conveys the same, giving to one of his children the part with the way to it and to another the part with the way over it, each takes his part to be held and used in reference to the way as it existed at the time of the division, one taking by an implied grant and the other taking subject to such way as an easement to the first part. It must be remembered that the situation which obtained when this land was divided and plaintiff's tract aliened must determine the claim of an implied grant; in other words, the situation of the parties at the time this land was aparted constitutes the operative facts to support the claim of a grant by implication. This rule is supported in Ohio by several cases: *Mosher v. Hibbs,* 1 C. C., (N. S.), 49, 14 C. D., 375; *Jordan v. Breece Mfg. Co.,* 89 Ohio St., 311, 106 N. E., 46. In the latter case it is said:

"The question of whether a roadway is reasonably necessary to the enjoyment of premises conveyed is one that must be determined from the conditions existing at the time of the conveyances."

In 2 Tiffany on Real Property (2d Ed.), p. 1303, it is said that it is a necessity which exists at the time of a conveyance which determines the existence of the way, and that no facts developing later affect it.

Of course, if the plaintiff's claim rested solely on a right by necessity the present situation of the property and its surrounding conditions would have to be considered. We think this rule elimi-

nates from consideration the 40-acre tract of the plaintiff, which was not owned by Albert Bethel at the time of the division of the single tract aforesaid. It follows from this that the fact that Jones might in some way get to that part of the 110-acre tract touched by the private way through his 40-acre tract can have no bearing on the question whether or not a grant might be implied at the time the partition was made by Albert and Joshua Bethel.

Furthermore, the fact that the title to this land as a separate tract was made by partition is recognized by authorities as affording a stronger presumption of an implied grant than one which might arise under the facts in *Baker* v. *Rice, supra.*

In *Ellis* v. *Bassett,* 128 Ind., 118, 27 N. E., 344, 25 Am. St. Rep., 421, it is said: "A right of way upon a severance of the estate by partition between heirs, sometimes arises when it would not exist in case of a conveyance of one portion of the premises. And it may be laid down as a general rule that a partition of real estate among heirs carries with it, by implication, the same right of way from one part to and over the other as had been plainly and obviously enjoyed by the common ancestor, in so far as it is reasonably necessary for the enjoyment of each part."

The case of *Baker* v. *Rice, supra,* adopts the rule of "reasonable necessity" as distinguished from "strict necessity." It declines to distinguish between a "continuous" and a "discontinuous" easement as the distinction is made in some jurisdictions. In view of this attitude of the court we conclude that the test of reasonable necessity for

the way in question is all that may be made in the instant case, and this rule is the general rule.

In the notes to *Gaynor* v. *Bauer,* 3 L. R. A., (N. S.), 1083, it is said: "Few cases have dealt with the question which rule should apply in case of a partition of land so that the same parties may be regarded as both grantors and grantees. It would seem that in such case the rule should be that each will take his share subject to all the burdens and entitled to all the advantages of the artificial conditions existing on the property unless where the estate of one of the parties would actually be destroyed thereby."

We think the case of *Baker* v. *Rice, supra,* specifically adopts this rule in the last paragraph of the opinion. It is there said: "Much importance is attached to the conclusion of law drawn by the court from the finding of facts, that the way in question is not a way of necessity. There is some room for doubt as to whether this conclusion from the facts found was well drawn. But conceding that it is, still the authorities cited show, that in the case of a grant, this is not material where the way in question is reasonably necessary to the enjoyment of the land granted, and materially adds to its value."

In view of these considerations it is our conclusion that at the time Albert and Joshua Bethel aparted their lands by mutual conveyances the way in controversy here is shown to have been used as the only outlet for the part it reached of the land Albert took, that it was reasonably necessary for the enjoyment of that part of the land, that no other way from that part of the land was practica-

ble, if at all possible, and that it added to its value and was therefore conveyed to Albert by implied grant in the deed from Joshua Bethel.

A decree may be entered accordingly.

*Decree for plaintiff.*

MAUCK, P. J., and SAYRE, J., concur.