**MARINE TRANSPORT WORKERS' INDUSTRIAL UNION NO. 510 et al. v. COVINGTON, Chief of Police, et al.   (No. 1289.)**

(Court of Civil Appeals of Texas.   Beaumont. Jan. 21, 1926.)

**1. Equity ☞15.**

Courts of equity deal only with civil and property rights.

**2. Injunction ☞74.**

Injunction will not be granted to restrain officers from performing their duties in apprehension of criminals.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by the Marine Transport Workers' Industrial Union No. 510 and another, against W. W. Covington, Chief of Police of Port Arthur, and others, for an injunction. Judgment for defendants, and plaintiffs appeal. Affirmed.

Rose & Johnson, of Port Arthur, for appellants.

Wistner & White, of Port Arthur, for appellees.

O'QUINN, J.   This is an appeal from a judgment of the Fifty-Eighth district court of Jefferson county, Tex., denying an injunction. The Marine Transport Workers' Industrial Union No. 510 is a voluntary association of the marine transport workers, organized as a labor union. It and one H. Chapman, secretary of the union, as plaintiffs, brought this suit against W. W. Covington, chief of police at Port Arthur, Tex., and H. F. Baker and F. M. Williams, Policemen, and Fred A. White, assistant city attorney for the city of Port Arthur, alleging that the defendants were depredating upon the property of said union, arresting its officers and members and incarcerating them in jail, holding them for "investigation," and charging them with vagrancy, when they had committed no crime, destroying the records, books, and literature of said union, and preventing the officers of said union from discharging their duties as such officers, and from collecting dues from its members, ordering the "hall" of said union closed and its members to "leave town," charging said union to be an "unlawful organization," and that by reason of such acts and conduct of said defendants the business and property of said union were being destroyed and said Chapman was being prevented from following a lawful occupation, and praying for an injunction to restrain said defendants from further interfering with or molesting plaintiffs.

The court set the application for hearing. The defendants appeared and answered, denying the allegations of plaintiffs. The case was submitted to the court, and after a full hearing the injunction was denied, and judgment entered accordingly, from which this appeal is taken.

The judgment of the court denying the injunction was a finding against the appellants on the facts; that the facts in evidence did not support the allegations of appellants as to the alleged interferences with the civil and property rights of appellants, and hence did not warrant the granting of an injunction.

[1, 2] Relative to the allegations of arrest and incarceration, the rule is well settled that courts of equity deal only with civil and property rights, and that an injunction will not be granted to restrain officers from performing their duties in the apprehension of criminals and prosecution of crime. Ex parte Sawyer, 8 S. Ct. 482, 124 U. S. 200, 31 L. Ed. 402; McDonald v. Denton, 132 S. W. 823, 63 Tex. Civ. App. 421; State v. Patterson, 37 S. W. 478, 14 Tex. Civ. App. 465; Greiner-Kelly Drug Co. v. Truett, 79 S. W. 4, 97 Tex. 377.

The judgment is affirmed.