CAMERON COUNTY WATER IMPROVEMENT DIST. NO. I et al. v. CAMERON COUNTY WATER IMPROVEMENT DIST. NO. 15.

No. 10190.

Court of Civil Appeals of Texas. San Antonio.

May 12, 1937.

Rehearing Denied June 16, 1937.

W. B. Lewis, of Harlingen, and John H. Mitchell, of La Feria, for appellants.

Brown & Criss, of Harlingen, for appellee.

SMITH, Chief Justice.

Cameron County Water Improvement District No. 1 and Cameron County Water Control and Improvement District No. 3 were created prior to 1923, under familiar constitutional and statutory provisions, and have been operating ever since. In 1923 District No. 1 constructed a drain ditch, which drained the surface or flood waters from the territory embraced in Districts 1 and 3, and carried those waters into the Arroyo Colorado, through which they emptied into the sea. Those waters, thus captured and controlled, were used in irrigating the lands embraced in those two districts, comprising some 20,000 acres.

In 1929 Cameron County Water Improvement District No. 15 was created and procured a permit issued by the State Board of Water Engineers to appropriate the public waters from what was termed the "watershed" embracing the 20,000 acres comprising Districts 1 and 3. In short, it appears that by that permit District 15 was given the use of the waters theretofore and then being impounded into said drain ditch by District 1, which ditch ran along the north line of said District 15. As the elevation of District 15 was above the level of the drain ditch, it was necessary to raise the water to put it on said district, which was done by this process: A check, or dam, was put in the ditch, and the water thus raised was diverted into a concrete lateral, whence it was pumped into a reservoir, which supplied the new district with water for irrigation purposes. This use does not interfere with the irrigation of Districts 1 and 3 from the same sources.

It developed, according to the contention of Districts 1 and 3, that said processes slowed the passage of water through the drain ditch, resulting in seepage into and impairment of the lands of Districts 1 and 3. To avoid this alleged injury, and facilitate the free passage, those two districts set about by dredge to deepen the ditch to a further depth of five feet, and to remove said check, or dam, the effect of which, if completed, it is contended by District 15, will be to deprive that district of the use of said waters for irrigation purposes.

In this situation, the court below, at the instance of District 15, granted a permanent injunction, restraining Districts 1 and 3 from deepening said ditch and removing said check, or dam, and said districts have brought this appeal.

The case was tried before the court, without a jury, and the trial judge filed very full findings of fact, none of which are challenged by assignment of error in appellants' brief, on the ground of insufficiency of the evidence to support them, and all of which are therefore binding upon this court. Those findings refute every material allegation of fact relied upon by appellants to defeat the relief given appellee below, and therefore settle the appeal against appellants. No good purpose could be served here by setting out those facts or findings, or discussing appellants' several propositions of law, which are not supported by sufficient statements from the record to entitle them to consideration.

The judgment is affirmed.