## RANDOLPH JUNIOR COLLEGE v. ISAACKS.

### No. 1733.

Court of Civil Appeals of Texas. Eastland.

Jan. 7, 1938.

Rehearing Denied Feb. 4, 1938.

B. D. Sartin, of Wichita Falls, and Eugene Lankford, of Cisco, for appellant.

S. J. Isaacks, of El Paso, for appellee.

FUNDERBURK, Justice.

E. Buford Isaacks sued Randolph Junior College, a corporation, for an unpaid balance of salary as a teacher, claimed to be due under a written contract of employment, or, in the alternative, upon an oral contract of such employment. A nonjury trial resulted in a judgment for the plaintiff awarding recovery of $503. To show the basis of the judgment the trial judge, in response to proper request, filed conclusions of fact and law. The defendant has appealed.

Appellant's assignments of error embrace five grounds upon which it is sought to have the judgment reversed. These five grounds consist of the actions of the court (1) in overruling a motion for continuance, or postponement; (2) in overruling special exceptions to plaintiff's pleading; (3) in "holding that the plaintiff entered into a contract with the defendant"; (4) in "holding plaintiff has a valid contract for $1500, unconditionally"; and (5) in "holding that the defendant was obligated [to pay] $503 to plaintiff."

■ The contention that the court erred in overruling the motion for continuance cannot be sustained for, perhaps, more than one good reason, but if for no other, because it is not supported by the record. The record shows that such a motion was made, but there appears no order overruling it; and the action of the court is not presented by any bill of exception. The motion was filed September 26, 1936, and the judgment recites that the case came on to be heard on the 3d day of October, 1936, thus apparently showing affirmatively that the motion was not overruled. The failure, however, of the record to show affirmatively that it was overruled renders unnecessary any further inquiry into the correctness of the court's action upon the motion.

■ The special exceptions to the plaintiff's pleadings, the overruling of which constitutes the ground of error alleged in the second assignment, is as to one exception

not supported by the record, and, as to another, appears to be without merit. It is stated in the brief that defendants by their first amended answer "specially excepted to plaintiff's petition because the petition did not state whether the alleged contract on which plaintiff was suing was a written contract, and if a written contract he did not attach a copy of same, nor did he state the substance of said alleged contract." The amended pleading did allege that the contract was a written contract, thereby meeting the first objection. In the alternative it was alleged that the contract was oral. In a suit upon a contract, a petition is not, we think, subject to exception, general or special, solely for the reason that the pleader fails to attach a copy of the contract as an exhibit to the pleading. This would seem to follow as a proper, if not a necessary, deduction from the certainly well-established proposition that it is not necessary in such a suit to allege the contract in haec verba. "It is not necessary to set out the contract sued on in haec verba," says the text of Texas Jurisprudence, "it being sufficient to aver the substance and legal effect; nor is it necessary to allege all the terms and provisions of the contract, either literally or in substance, but only so much of them as is essential to the cause of action need be set forth." 10 Tex.Jur. p. 495, § 287. The substance of the essentials of the contract was alleged.

■ The next allegation of error is that the "trial court erred in holding that the plaintiff 'entered into a contract with the defendant.' " The assignment of error does not apprise us of how it is contended that the court erred. Was the error in making a finding to that effect contrary to the undisputed evidence, or without any evidence to support it, or was the finding, although supported by some evidence, so contrary to the overwhelming preponderance of the evidence as to be manifestly wrong? Looking to appellant's brief for the answer to these questions, it there appears to be contended that there was no written contract, and the trial court so recognized, from which it seems to be assumed that the judgment must depend upon the theory of a quantum meruit. It is quite true, we think, that the evidence did not support the claim of a written contract. Remarks of the trial judge, set out in the statement of facts, indicate that such was his view, but it does not follow that the judgment rests upon the finding of a quantum meruit. There was no pleading to present any such theory of recovery. The only other alternative theory pleaded was that of an oral contract, the existence of which the conclusions of fact establish and such conclusion is not specifically challenged in the assignments of error, or other parts of the brief.

■ The fourth ground of error, consisting of the action of the court "in holding that the plaintiff had an unconditional contract for $1500," is likewise very indefinite and lacking in specificness in pointing out the nature of the action claimed to be erroneous. Looking to the brief for explanation, it appears to be contended that the evidence showed the contract was void because the plaintiff as one of the trustees, himself proposed and voted for an increase of his salary from $1,250 to $1,500. It is insisted that "plaintiff ought not to be permitted to contract with himself." "Surely," it is argued, "Isaacks should have excluded himself from the board of trustees before voting on his own salary." It must be borne in mind that the parties to this suit are the college, a corporation, and the plaintiff, an individual, and we do not believe it can be said that the contract is absolutely void, for such reason, particularly since it appears that disregarding such action of the plaintiff, the trustees unanimously voted the raise in salary.

The last ground of error mentioned, consisting of the alleged "holding that the defendant was obligated $503 to plaintiff," is largely subject to the same observations made with reference to the third and fourth grounds. It presents nothing not controlled by the former, because if it be granted there was a contract by which plaintiff was to be paid the sum of $1,500 for the year's work, it was practically undisputed that $503 remained unpaid.

■ None of the assignments of error can properly be construed as presenting the contention that any of the findings of the trial judge was wholly without support in the evidence, or so contrary to the overwhelming preponderance of the evidence as to be clearly wrong. We are, therefore, not called upon to pass upon those questions. We should have no hesitancy, however, in saying that there was some evidence to establish the existence of the contract as found. It may be granted that the evidence was rather lacking in certainty and definiteness, but we think the conclusion well justified that an issue of fact regarding the making of the contract was raised, and it being the unchallenged conclusion of the trial judge that the

evidence showed that such contract was made, it appears to be our duty to affirm the judgment. It is accordingly so ordered.