## BRAZELL v. GAULT.

### No. 5413.

Court of Civil Appeals of Texas. Amarillo.

March 23, 1942.

Eugene F. Mathis and Anderson & Marbut, all of Lubbock, for appellant.

Burton S. Burks and Victor H. Lindsey, both of Lubbock, for appellee.

STOKES, Justice.

Appellant filed his petition August 19, 1941, in which he prayed for a restraining order and temporary and permanent injunction against the City of Lubbock, Don Reeder, its chief of police, and appellee, Maney Gault. As grounds for an injunction he alleged that he was a resident and taxpayer of the City of Lubbock; that Don Reeder was chief of police of the City and that appellee, Maney Gault, was a captain of the State Ranger force operating in and around Lubbock; that on or about July 29, 1941, he was arrested and taken into custody by the agents and deputies of appellee, Maney Gault, without a complaint of any kind having been filed against him, and without a warrant for his arrest; that at such time he was not violating any law and had not been guilty of any such violation and his arrest was without legal authority; that on or about August 5, 1941, he was taken into custody by the servants, agents and deputies of Don Reeder without a complaint having been filed in which he was charged with violating any law, and without a warrant; that again on August 9, the agents, servants and deputies of Don Reeder arrested him without a warrant, and that no complaint had been filed charging him with any offense or violation of any law of the State or ordinance of the City, and that on each of these occasions he was compelled to post a cash bond for his release. He alleged further that the chief of police and appellee, Maney Gault, each entertained ill feelings toward him and were seeking to disgrace him and run him

out of the city, and were threatening again to arrest him without a warrant for his arrest and without filing charges against him of violating any law; that he had not violated any of the laws of the State and did not intend to do so; that the defendants had greatly embarrassed and humiliated him by the acts above mentioned and were threatening to violate his rights under Article 1, Section 19 of the Constitution of the State, Vernon's Ann.St., which provides that no citizen shall be deprived of life or liberty except by the due course of the law; and that the police officers working under the chief of police had openly stated on several occasions that appellant would be arrested and taken into custody every time he was seen by the city officers. He alleged he had been damaged in the sum of $5,000, for which he sued, and that he had no adequate remedy at law to prevent the defendants from repeatedly taking him into custody without lawful authority.

The petition was presented, under proper allegations and affidavit, to a non-resident judge who granted a temporary restraining order, returnable to the 99th District Court at Lubbock, and set the hearing upon the application for a temporary injunction for the 1st day of September, 1941. When the case was called for trial appellant announced he did not desire further to prosecute the suit against the City of Lubbock and Don Reeder, the chief of police, and they were dismissed. The case was then heard by the court without a jury and the temporary restraining order was dissolved and the application for a temporary injunction denied.

From the judgment entered by the court on the hearing for a temporary injunction, appellant has prosecuted an appeal and presents the case in this court upon a single assignment of error to the effect that the court erred and abused its discretion in refusing to grant the temporary injunction as prayed for.

█ At the request of appellant the court filed findings of fact and conclusions of law, to which no exception was reserved and which are not challenged in this court by assignment of error or otherwise. The findings are therefore binding on this Court. Reed et al. v. Murphy, Tex.Civ. App., 276 S.W. 951; Edson & Hamm, Inc., v. Murray, Tex.Civ.App., 285 S.W. 659; Dalton v. Davis et al., Tex.Civ.App., 294 S.W. 1115; Johnson v. Johnson, Tex.Civ. App., 6 S.W.2d 175.

The findings of fact by the trial court reveal that on the 5th of August, 1941, appellant, in company with two other parties, was discovered by appellee loitering on the streets of the City of Lubbock without any visible means of support, and engaged in a conversation in which they were devising plans for a time and place in the City of Lubbock to engage in a gambling game; that they were arrested without a warrant and taken before a magistrate where appellant posted a cash bond for his appearance; that on the following day a complaint was filed against appellant charging him with vagrancy and he was tried and convicted, but he had appealed the case to the county court where it was pending at the time of the trial of the instant case. The court further found that the appellant had no employment or visible means of support and that he admitted he was a gambler and had participated in a number of gambling games in recent weeks in the City of Lubbock; that three of such games had been held up and robbed with firearms while they were in progress, and that appellant was present and participated in each of such games; that appellant had paid several fines in the City of Lubbock for gambling or vagrancy and had several more cases pending against him in which he was charged with such offenses. The court found that appellee had told appellant that, "if he would quit gambling, get him a job, go to work and earn an honest living, he, the said Maney Gault, would help him in every way possible, but if he continued gambling and causing trouble, he, the said Maney Gault, would arrest him every time he saw him; that Howard Brazell (appellant) has not quit his profession of gambling and that he was afraid to come to town for fear he would be arrested and justice would be done."

█ From the foregoing statement it will be seen that no property rights are involved in the controversy. Appellant seeks only to restrain appellee from executing an alleged threat to arrest him repeatedly without a warrant and without just cause. In his petition he prayed that the injunction issue restraining the defendants, their servants, agents, employes and deputies, from in any manner illegally, unlawfully and without legal authority arresting and taking him into custody. It is well settled in this, as well as every other jurisdiction in this country, that, generally, courts of equity deal only with civil and property

rights and that an injunction will not be granted to restrain officers from performing their duties in the apprehension of criminals in the prosecution of crime. It is only in rare instances, where it is evident that no adequate legal remedy exists, that the rule will be extended. City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528, 47 Am.St.Rep. 114; Dibrell v. City of Coleman et al., Tex.Civ. App., 172 S.W. 550; Marine Transport Workers', etc., Union v. Covington, Tex. Civ.App., 281 S.W. 217; Hawks v. Yancey, Tex.Civ.App., 265 S.W. 233.

■■■ To entitle one to an injunction in a case like this, he must show, not only that he is threatened with illegal arrest, but also that such acts will interfere in some manner with his property rights, and it is upon the latter ground that a court of equity will lend its assistance. If nothing but the false imprisonment is involved, it is governed by Article 1169 of the Penal Code, which makes false imprisonment, such as is alleged by the appellant in this case, a criminal offense. Indeed, the effect of appellant's prayer for injunctive relief is to ask the court to enact by injunction what is already enacted by the Article of the Penal Code above mentioned. Moreover, if the court had granted the injunction as prayed for, it would have restrained appellee from illegally, unlawfully and without legal cause or legal authority, arresting and taking appellant into custody. The violation of such an injunction would involve the same kind of a trial that would be required if appellee had been charged in a criminal court with the offense of false imprisonment, and for that reason the injunction applied for by appellant would, if granted, be so indefinite and uncertain as to make it impracticable as an injunction. It would require the constant supervision of the court and a separate trial upon each charge of its violation to ascertain whether or not the act complained of was a lawful one and therefore not enjoined, or an unlawful one and therefore a violation of the injunction. Ehlert et ux. v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App., 274 S.W. 172.

■■■ Referring to the contention of appellant that he is entitled to relief from repeated and continuous arrests when no charges have been filed against him and the officers have no warrants for his arrest, we do not interpret the findings of the court to imply that appellant is exposed to any such peril. According to the findings, appellee told appellant that, if he did not procure a job and go to work in an effort to earn an honest living, appellee would arrest him every time he saw him. This does not mean, nor do we think it even implies, that appellee would, arbitrarily and without a warrant, arrest appellant when no charges had been filed against him. The court did not so find and the presumption is that officers of the law will discharge their duties in a legal manner. According to the findings of the court, appellant admitted he was a professional gambler; that he had participated in a number of gambling games in recent weeks; that he had paid several fines for gambling and vagrancy and had several more cases pending against him for such offenses. It was under these conditions the court found that appellee had told appellant he would arrest him every time he came to town if he did not procure a job and make an effort to obtain a livelihood by honest means. If several cases were pending against appellant, the probabilities are that the officers were then in possession of a number of warrants for his arrest. The threat of appellee to arrest him, therefore, does not imply that he would do so without a warrant even though he said he would arrest appellant every time he saw him. Under the provisions of Article 607 of the Penal Code, every common gambler or person who for the most part maintains himself by gambling is a vagrant, and under the findings of the trial court and admissions of appellant himself, as reflected by the court's findings of fact, appellant would probably have difficulty in avoiding convictions under the pending charges. Under these circumstances, we do not think appellee was without justification in making the conditional threat that he would arrest appellant every time he saw him if he did not abandon his profession of a common gambler and engage in an effort to make a living by honest means.

We have carefully examined all of the contentions made by appellant, and, in our opinion, no error is shown. The judgment of the court below will therefore be affirmed.