# GRIFFIN et al. v. HIDALGO COUNTY et al.

### No. 11454.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 3, 1945.

Rehearing Denied Jan. 31, 1945.

W. J. Rutledge, Jr., of Dallas, and Davenport & Ransome, of Brownsville, for appellants.

E. A. McDaniel, of McAllen, Strickland, Ewers & Wilkens, of Mission, and S. R. Greer and Greer & Cox, all of McAllen, for appellee.

MURRAY, Justice.

This suit was instituted by Gordon Griffin and B. D. Kimbrough, practicing attorneys, against Hidalgo County, to recover a contingent fee in the sum of more than $175,000, alleged to be due under the terms of a written contract of employment entered into on March 17, 1931, between the Commissioners' Court of Hidalgo County and themselves. R. D. Cox, Jr., another practicing attorney, intervened asserting a claim to an undivided one-third interest in said alleged contingent fee.

The trial was to the court without the intervention of a jury and resulted in judgment in favor of Griffin and Kimbrough in the sum of $5,540.17, with interest from January 1, 1935, at 6% per annum, and for intervener, Cox, in the sum of $6,134.31, with interest from said date at said rate.

From this judgment Griffin and Kimbrough and Hidalgo County have both appealed.

The trial judge was requested to and did make and file findings of fact which are not here challenged in any way and are therefore conclusive and binding upon this Court.

Appellants' first point is as follows: "Griffin and Kimbrough were entitled, under the facts found, or which are undisputed, to a contingent fee measured by five per cent of the saving effected as a result of the agreed judgment in the Farson suit."

The evidence shows that on March 17, 1931 the Commissioners' Court of Hidalgo County entered into a written contract with Griffin and Kimbrough, as lawyers, to represent it in certain legal matters. They were to be paid a fixed fee of $15,000 per year, together with a contingent fee of 5% of all money recovered by them for the county or saved by them to the county in certain specified matters. Among these

stated matters was the cause of John Farson et al. v. Hidalgo County et al., numbered 700 at Law in the United States District Court for the Southern District of Texas, Brownsville Division. Final judgment was finally entered in that case, which covered a refunding agreement concerning much of the indebtedness of Hidalgo County, including bonded and other indebtedness. It was shown that five per cent of the saving shown by this agreement and judgment would probably amount to $175,-000.

With reference to Griffin and Kimbrough's right to claim this five per cent the trial judge found as follows:

"(7th) Soon after the making of the contract with the County referred to in finding '(1)', or possibly even before the making of the contract, the exact date not being reflected, interest began to be manifested in connection with the working out of a plan for generally refunding the indebtedness of Hidalgo County, and various citizens of Hidalgo County and various holders of the County evidences of indebtedness interested themselves in such matters, and various and sundry meetings and conferences were held between the interested parties or their representatives, such interest becoming particularly active during 1932.

"(8th) Various Committees and Boards, during this period, were appointed and acted, both for the holders of the indebtedness and for the citizens of Hidalgo County and the Commissioners Court and Plaintiffs' Exhibit No. 16, being a copy of the action of the Commissioners' Court on June 3rd, 1932 (here expressly referred to for the full contents of the Court's order and action), reflects at least in part the activities then going on with reference to such general refunding program.

"(9th) The refunding of the County indebtedness, above referred to, was ultimately worked out, and in working out the same the cases listed in the contract with the County, made by Griffin and Kimbrough, were disposed of,—some being settled, some being dismissed, and some tried to a conclusion. However, the exact disposition of each respective case mentioned is not reflected by the evidence.

"(10th) In carrying out the refunding program, the Farson suit in the Federal Court was used as a means, or vehicle, of such refunding, various interventions or other pleadings being filed therein in order to bring in various and sundry indebtedness involved in the refunding program, and various and sundry court orders made and entered with reference thereto, and thus, such refunding approved and provided for in such suit. The exact details, interventions, orders and judgment in such suit, however, are not reflected by the evidence.

"(11th) Exhibit No. 18, filed in evidence, reflects a compilation of the various indebtednesses which were to be refunded under the refunding program. Exhibit No. 19 reflects the indebtednesses actually refunded through the issuance of new indebtednesses up to December 31st, 1933. Without adopting all the methods of calculation as reflecting the actual 'saving' made to the County through such refunding as reflected in Exhibit 19, both exhibits 18 and 19 are here referred to for their contents. In this connection, it is further found, for reasons hereinafter indicated, that it is not necessary to here find whether the method used in calculating the 'savings' to the County as reflected in Exhibit 19 is the correct method of so calculating such 'savings' under the refunding program,—but the actual calculations themselves are found to be correct."

In view of these unchallenged findings of the trial court Griffin and Kimbrough were not entitled to recover the five per cent claimed by them. The mere fact that the refunding agreement was given effect by intervention in the Farson case did not entitle Griffin and Kimbrough to recover. The case of Saunders v. Guinn, Tex.Civ.App., 1 S.W.2d 363, 368, is directly in point. Saunders, a lawyer, had a contract in a workmen's compensation case with his client, Mrs. Guinn, that should her claim be taken into court he should have a fee of one-third of the amount recovered. The case was actually filed in the district court and an agreed judgment entered, whereupon Saunders claimed the one-third provided for in the contract, just as Griffin and Kimbrough here claim the five per cent provided for in their contract. The Eastland Court of Civil Appeals in passing upon that case had the following to say: "The contract between appellant and appellee contemplated a bona fide controversy in the nature of a suit, which would have involved exertion on the part of appellant to protect and assert the rights of the appellees. The appellant's testimony above

set out renders it clear to us, and we think it is frankly admitted by him, that his speed, diligent, and efficient manner of service, as well as his intimate knowledge of the work in hand, and his happy personal relations with those in authority and charge of the affairs of the insurance company, enabled the appellant to completely effect out of court, and without the necessity of litigation, a most just and equitable settle-. ment of his client's claims. The very nature and terms of the contract obligated him to do as much, if it were possible. It required that Mrs. Guinn's claim be carried into court, as a condition precedent to appellant's right to claim as a fee one-third of the recovery. Under the testimony her claim was neither carried into court nor was there a necessity for so doing. It was adjusted before it ever reached the court."

We overrule Griffin and Kimbrough's contention that they were entitled to five per cent of the amount saved the county by the refunding agreement merely because it was given effect in an agreed judgment in the Farson case.

■ Griffin and Kimbrough contend that they rendered certain services in bringing about the refunding agreement, and for this reason they should be allowed the five per cent. They were not authorized in writing, as required by the written contract, to perform these services and therefore cannot claim the five per cent under the provisions of their contract with the county.

■ Appellants' second point is: "Having failed and refused to comply with the settlement agreement of March 2, 1934, Hidalgo County cannot plead that agreement defensively as against the suit of Griffin and Kimbrough based on their original demands." This point is not challenged by appellees and is unquestionably correct and is therefore sustained.

Appellants' third and last point is: "Intervener Cox is suing herein as a plaintiff, and had the burden, as such, of proving the amount properly due him out of the Griffin and Kimbrough contingent fee."

It is conceded by Griffin and Kimbrough that they employed intervener Cox and agreed to pay him one-third of their contingent fee. Cox contending it was to be a full one-third, and Griffin and Kimbrough contending it was to be a one-third after de- ducting all expenses in earning the fee; and Cox contending that under their agreement he had an equitable assignment of said one-third while Griffin and Kimbrough contended there was no assignment.

On March 2, 1934, Griffin and Kimbrough proposed a settlement of their claim for a contingent fee with the County. The County accepted this proposal and passed the following order, to-wit: "Upon motion duly made and seconded, each member of the Court voting in the affirmative, it is ordered by the Court that such proposal be accepted and the sum of $36,000.00 be fixed and established as a just and legal debt of said Hidalgo County. It appearing that said proposal is a fair and reasonable settlement of said claim and it further appearing that said sum is due and owing from the following named funds in the amounts set out, to-wit: * * * it is therefore further ordered that said sum be paid from said funds in accordance with the plan as outlined in said proposal."

■ In keeping with this settlement the Commissioners' Court of Hidalgo County paid out to Griffin and Kimbrough some $18,000.00 and to Cox some $5,600. The County thereafter breached the agreement and Griffin and Kimbrough had a legal right to repudiate their agreement of settlement and did do so, thereby relieving the county from any further obligation to carry out its provisions. However, we feel that the trial court properly fixed the amount of such contingent fee. The trial court found that appellants had failed to establish grounds for recovery for the respective sums sought by them, but that they were entitled to recover some sum on the contingent fee contract. The County had admitted the indebtedness to the extent of $36,-000, unequivocally, by the solemn order above set forth. The court rendered judgment for such sum and Cox was entitled to his one-third, since appellants offered no evidence and secured no finding that this one-third was subject to certain specific deductions.

It follows from what has been said above that the points raised by Hidalgo County as an appellant will be overruled.

The judgment is affirmed.

NORVELL, J., disqualified and not sit-. ting.