**BYRD v. CURTIS.**

No. 9555.

Court of Civil Appeals of Texas. Austin.

April 17, 1946.

Rehearing Denied May 8, 1946.

J. J. Fagan and Henry Tirey, both of Dallas, for appellant.

J. C. Lumpkins and J. L. Gammon, both of Waxahachie, for appellee.

BAUGH, Justice.

Appeal is from a judgment in favor of B. E. Byrd, administrator of the estate of Maude Aycock, deceased, against Jerome A. Curtis for $35 and foreclosure of an attachment lien on certain real estate in Dallas County. The case was tried to the court without a jury. No statement of facts accompanies the record; but at the request of appellant the trial court filed findings of fact and conclusions of law.

Plaintiff plead that Ed F. Aycock, Sr., died in 1922, leaving a will in which he devised a large estate to his wife, Maude Aycock. That shortly thereafter, Mrs. Aycock requested appellee herein, who was her brother, to aid and assist her in the management of said estate and the investment of moneys on hand and those thereafter received from said estate. That he thereafter from 1922 to the death of Mrs. Aycock in 1942 continued to act as her agent and in a fiduciary capacity in handling the funds of said estate, consisting of moneys, bonds,

real estate, personal property, making investments for her, collecting interest, dividends, and annuities. That appellee failed to have any accounting with Mrs. Aycock, but that he kept books and private papers showing all such transactions and fraudulently concealed all such information from Mrs. Aycock. Suit was therefore for an accounting and to recover $15,792.54, claimed to be due by Curtis, as shown by a detailed audit of the estate of Mrs. Aycock attached to and made a part of plaintiff's petition.

Appellee, in addition to special exceptions and general denial, pleaded payment in full to Mrs. Aycock of all claims asserted against him, faithful discharge of his trust, the two-year statute of limitation, and attached to his answer a detailed itemized statement of all of said transactions with her.

The trial court found that appellee, in his numerous transactions with his sister between 1922 and the time of her death in 1942, acted in three different capacities: 1. As trustee of certain funds furnished him by Mrs. Aycock with request that he invest them in his own name. 2. As her agent, and under her direction in making collections, deposits, investments, etc. 3. As her debtor as to moneys furnished him by her for his own use and benefit. The trial court further specifically found that in so far as such trust funds were concerned all were accounted for in that all those not withdrawn by, or paid over to, Mrs. Aycock herself, were withdrawn by the administrator after her death. That appellee was not guilty of any fraud or concealment concerning any transaction with Mrs. Aycock; that he did not have or possess the books, but that same were and still are in the possession of appellant; and that same were currently checked by Mrs. Aycock who kept a strict account of her own business. Further that all loans and advancements made by Mrs. Aycock to appellee between 1922 and 1929 were merged into a single $6,500 mechanic's lien note executed by appellee, held by Mrs. Aycock, paid off to and released by her during her lifetime. The court, after making specific findings that automobile loans, checks to named insurance companies for the benefit of appellee, had all been paid by him, made the following general finding: "That as to the other checks shown in the list attached to plaintiff's petition same have either been paid, or shown to have been for the benefit of Maude Aycock, or not properly chargeable to the defendant." The only finding against appellee, for which he had not accounted, was a $35 check by Mrs. Aycock to appellee, dated August 4, 1941, for which judgment was rendered against him.

It is clear, we think, that except as to the $35 item the trial court found all facts in favor of appellee. A reference to the audit attached to plaintiff's petition discloses a multitude of items over a period of approximately 20 years; and that a great many of the checks listed and signed by Mrs. Aycock bore notations as to what they were given for. Apparently because of the great number and variety of items involved, the trial court, after segregating the items involving a trust, found that all other items charged in the account were separate and distinct transactions between them, and not running or mutual accounts, nor advancements made by her to him, and "That such items are subject to the two years statute of limitation. That as to the other petty checks set out in said account—they were accounted for as repaid to the said Maude Aycock or to have been for her separate use and benefit * * *."

Appellant predicates this appeal upon five points, all of which variously complain that the trial court erred in sustaining appellee's plea of limitation. As we understand his contentions they are all predicated on the proposition that as to all items listed in the account attached to his petition and on which he sought recovery, the relationship between Curtis and his sister over the entire 20-year period, in all its phases, was that of trustee and beneficiary, which was never repudiated by either; and that therefore the trial court erred in holding that any of such items or transactions did not constitute a trust. Consequently, that being a continuing trust and never repudiated by the trustee, no limitation would be applicable to any of such items.

The law governing the relationship between a trustee and his beneficiary

is now well settled. The relationship, once established, continues until it is terminated by the parties, by operation of law, by repudiation by the trustee brought home to the cestui que trust, or which by the use of diligence should have been so brought home to him. However, in the instant case not only does the itemized account filed by appellant himself show, but the trial court found, that as to many of such items which appellant claims, no trust relationship whatever existed between appellee and Mrs. Aycock. She merely made outright loans of money to him by check, marked the word "Loan" on the check, or paid hospital bills for his family, burial expenses, life insurance premiums, etc., all of which were indicated by notations on the checks signed by her and given in payment of such items. And the trial court found that all of them had been repaid by appellee,—clearly a debtor-creditor relation and not one of trust. In numerous other instances appellee merely acted as Mrs. Aycock's agent in collecting rents, interest, dividends, etc., and depositing same in the bank in her name. No contention is made that any proof shows that appellee misappropriated any of such funds, converted same to his own use, or invested same in property or assets in his own name, other than where so authorized and directed so to do by Mrs. Aycock. As to such instances the trial court found that he fully accounted for and repaid to her all such trust funds, and appellant makes no contention to the contrary. Nowhere does appellant challenge by exception or otherwise the fact findings of the trial court as being untrue. They must therefore be accepted as conclusive. Murphy v. Boyt, Tex.Civ.App., 180 S.W.2d 199, and cases therein cited.

That being true, even if all the contentions made by appellant as to the inapplicability of the statute of limitation be conceded; and that a fiduciary relationship existed between appellee and his sister throughout all of said transactions, we are confronted with the finding of the trial court that appellee concealed nothing from her; has paid her all he owed her; and has misappropriated nothing that belonged to her,—except as to the $35 item for which judgment was rendered.

While the trial court did hold that certain types of items in the account, because of their patent character, were but debts and "subject to" the statute of limitation; nowhere is it shown that any recovery of any such debt was denied on the ground that it was barred by limitation. On the contrary the court expressly finds that all of them have been paid, or that they were debts of Mrs. Aycock and not of appellee.

Under the findings made the trial court clearly rendered a correct judgment; and the contentions made by appellant, even if conceded to be correct propositions of law, could not alter the result. The judgment is therefore affirmed.

Affirmed.