**ZAPATA COUNTY et al. v. LLANOS et al.**

No. 12182.

Court of Civil Appeals of Texas.
San Antonio.

April 4, 1951.

Rehearing Denied May 16, 1951.

Laurie M. Huck, San Antonio, for appellants.

Bismark Pope, Philip A. Kazen, Laredo, for appellees.

W. O. MURRAY, Chief Justice.

This suit was originally instituted by Pedro Llanos and others, who are the heirs of Maria Hein de Llanos, against Zapata County, seeking to have an order theretofore entered by the Commissioners' Court of that County on the 12th day of December, 1949, set aside, which order attempted to open a road across land owned by the plaintiffs and known as Shares 1 and 3 of the Hein Varal Pasture, containing 3029.12 acres of land and being a part of the Jose Vasquez Borrego Grant in Zapata County; and further seeking an injunction enjoining the county from doing anything further in connection with opening said road.

Thereafter Mrs. Luz A. Hein, owner of Share 4, and Mrs. Isabel S. Hein and her children as owners of Share 2 of the Varal Pasture, intervened in said cause and sought to compel the opening of the road previously ordered by Zapata County. Trial was had to the court without the intervention of a jury and resulted in judgment that the order of the Commissioners' Court of Zapata County ordering the road opened across plaintiffs' land was null and void and of no effect, and that interveners had no right to a road across plaintiffs' land and that they take nothing by reason of their intervention, and further permanently enjoining the county and interveners from subjecting any of the land of the plaintiffs in the Varal Pasture to use as a roadway. From this judgment Zapata County and interveners have appealed.

This suit in its final analysis became a suit by interveners against appellees for a roadway across Share 1 and Share 3 of the Varal Pasture belonging to appellees, first, on the ground that they were entitled to such road by prescription and, second, that they were entitled to such road by reason of a presumed easement growing out of an agreed judgment of partition of the Varal Pasture in 1929 of its then joint owners.

The evidence shows that at one time the entire Varal Pasture was owned by Henry Hein, Sr., and that the appellants are his heirs. The evidence is not clear as to just when Henry Hein, Sr., died, but it is apparent that his demise took place some time prior to 1929. The record further shows that on September 10, 1929, judgment was entered by agreement partitioning the Varal Pasture among its then joint owners, as follows: Share No. 1 was awarded to Maria Hein de Llanos, Share No. 2, to Isabel S. Hein and her children, Share No. 3, to W. W. Winslow, and Share No. 4, to John A. Pope, Sr., Bismark Pope and John A. Pope, Jr., Isabel S. Hein is the widow of Conrad Hein, deceased. Mrs. Luz A. Hein, the widow of Henry Hein, Jr., deceased, purchased Share No. 4 from John A. Pope, Bismark Pope and John A. Pope, Jr. Mrs. Maria Hein de Llanos purchased Share No. 3 from W. W. Winslow. Share No. 1 consists of 1682.8 acres of land of the west side of the Varal Pasture. Share No. 2 consists of 673.12 acres of land located in the northeast corner of the Varal Pasture, and Share No. 3 consists of 336.6 acres of land lying just south of Share No. 2, and Share No. 4 consists of 336.6 acres of land lying just south of

Share No. 3 and is located in the southeast corner of the Varal Pasture. The road which the Commissioners' Court undertook to open enters the Varal Pasture from the north, about the middle of the north line, and traverses Share No. 1 in a southeasterly direction, then crosses a part of Share No. 3, and then goes diagonally across Share No. 4 and leaves the Varal Pasture near its southeast corner. It appears that Share No. 1 was awarded to Maria Hein de Llanos as an heir of Henry Hein, Sr. and Share No. 2 was awarded to Conrad Hein also as an heir of Henry Hein, Sr. W. W. Winslow, John A. Pope, and John A. Pope, Jr., and Bismark Pope were lawyers and it seems that Winslow was awarded Share No. 3 as attorney's fees, and that Share No. 4 was awarded to the Popes in payment of attorneys' fees.

The evidence in this case shows that there has been in existence, for more than fifty years, an old, well-defined, recognized and obvious road, which came up from the south and crossed the Varal Pasture and went on north connecting with other roads that lead to Laredo. This road originally traversed open, unfenced, prairie land. In about the year 1911 Henry Hein, Sr., the then owner of the Varal Pasture, fenced his land, but put gates where this road entered and left the Varal Pasture, so that people could still travel on the road. This road had been used continuously by people living to the south and by members of the Hein family, up until 1949 when appellees closed the road on the north. This lawsuit followed and appellants as owners of Shares Nos. 2 and 4 of the Varal Pasture are endeavoring to have this road opened on the north end so that they may use it to reach land which they own to the north and to reach the Laredo Highway.

The trial judge made and filed numerous findings of fact which may be regarded as sufficient to show that appellants do not have a prescriptive right to use this road to the north because it has always been a permissive road and its use has never been adverse or hostile to the owners of Share No. 4. He further finds in effect that no use has ever been made of Shares Nos. 2 and 4 as to entitle the owners thereof to a way by necessity over the lands of appellees. He further finds that the owners of Share No. 4 have an outlet to the south which would preclude them from being entitled to a way by necessity to the north. However, he does not make such a finding as this as to the owners of Share No. 2. It is apparent that Share No. 2, as a result of the judgment appealed from, is left landlocked and its owners have no means of ingress or egress thereto.

■ Appellants did not except to or in any manner attack the findings of the trial judge, nor do they here present points or assignments of error in any manner attacking these findings and are therefore bound by them. Hardcastle v. Sibley, Tex.Civ. App., 107 S.W.2d 432; Cameron County Water Improvement District No. 1 v. Cameron County Water Improvement District No. 15, Tex.Civ.App., 106 S.W.2d 362; Randolph Junior College v. Isaacks, Tex.Civ. App., 113 S.W.2d 628; Krummen v. Still, Tex.Civ.App., 146 S.W.2d 288; Brazell v. Gault, Tex.Civ.App., 160 S.W.2d 540; State v. Arnim, Tex.Civ.App., 173 S.W.2d 503; Murphy v. Boyt, Tex.Civ.App., 180 S.W.2d 199; Griffin v. Hidalgo County, Tex.Civ.App., 185 S.W.2d 232; Byrd v. Curtis, Tex.Civ.App., 194 S.W.2d 153; Patterson v. Wilson, Tex.Civ.App., 199 S.W.2d 558; Curry v. E. E. Stone Lumber Co., Tex.Civ.App., 218 S.W.2d 293.

■ We may assume without deciding that these findings of the trial court are sufficient to preclude the appellants from claiming a way to the north by prescription or by strict necessity, but they are not sufficient to preclude the appellants from claiming the right to use the roadway on the land of appellees under the doctrine that where there is a partition of land by joint owners, each takes his portion of the real estate subject to such continuous, apparent, permanent and necessary easements as exist at the time of the partition or had theretofore existed at the time of their common ancestor or grantor. 28 C.J. S., Easements, § 32, page 690. The necessity above referred to is not used in the strictest sense, but means only that such use is necessary for the convenient and comfortable enjoyment of the property as it

existed when the severance was made. 28 C.J.S., Easements, § 33, page 692.

The rule is well stated in Miles v. Bodenheim, Tex.Civ.App., 193 S.W. 693, 696, as follows: "The general rule is that where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such ownership there arises by implication of law a grant of the right to continue such use. The application of the rule must depend upon the nature, arrangement and use of the estate, the relation of the parts to each other, and the existing degree of necessity for giving such construction to the grant as will give effect to what may be supposed to have been, considering the manner of the use, the reasonable intendment of the parties; the underlying principle in such cases being that included in the grant are all such privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the thing granted, substantially in the condition in which it is enjoyed by the grantor, unless the contrary is provided. The rule is also said to be based on the maxim that no man can derogate from his own grant—this being in effect a formulation of a principle of estoppel. A presumption frequently invoked in that the parties contracted with a view to the condition of the property as it actually was at the time of the transaction, and after sale neither party without the consent of the other has a right to change, to the detriment of the other, that condition which openly and visibly existed. Of course this presumption may be rebutted by parol evidence of an agreement or understanding at or prior to the sale that the easement was not to pass, on the theory that a presumption raised by parol evidence may also be rebutted by that character of evidence. The rule itself, since it presupposes the existence of quasi easements, must be distinguished from the principle which underlies the creation of ways of necessity." 9 R.C.L. pp. 755 et seq.; 14 Cyc. 1166.

See also: Leathers v. Craig, Tex.Civ. App., 228 S.W. 995; Neilon v. Texas Trust & Security Co., Tex.Civ.App., 147 S.W.2d 321; Barrick v. Gillette, Tex.Civ. App., 187 S.W.2d 683; Pokorny v. Yudin, Tex.Civ.App., 188 S.W.2d 185; Parker v. Bains, Tex.Civ.App., 194 So.W.2d 569; Chitwood v. Whitlow, 313 Ky. 182, 230 S. W.2d 641; Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W.2d 501.

The case of Jones v. Bethel, 20 Ohio App. 442, 152 N.E. 734, 735, is perhaps more nearly in point here than any case we have read. There it is said: "That case (Baker v. Rice, 56 Ohio St. 463, 47 N.E. 653) establishes the rule that, where a private way is constructed from one part of a single tract of land to another part thereof, and it is apparent and in continuous use and reasonably necessary to the enjoyment of that part of the land to which it had been constructed and adds to its value, if the owner of the single tract divides and conveys the same, giving to one of his children the part with the way to it and to another the part with the way over it, each takes his part to be held and used in reference to the way as it existed at the time of the division, one taking by an implied grant and the other taking subject to such way as an easement to the first part. It must be remembered that the situation which obtained when this land was divided and plaintiff's tract aliened must determine the claim of an implied grant; in other words, the situation of the parties at the time this land was aparted constitutes the operative facts to support the claim of a grant by implication."

Accordingly, the judgment of the trial court is affirmed, insofar as it decrees the order of the Commissioners' Court of Zapata County, Texas, attempting to declare the existence of a public road over the lands of appellees, to be void. In other respects the judgment of the trial court is reversed and judgment here rendered granting appellants a way of ingress and egress to their respective shares over the land of appellees lying in the Varal Pasture, such way to be the road as it existed at the time of the partition.

Affirmed in part and reversed and rendered in part.

NORVELL, Justice (dissenting in part).

In my opinion that part of the judgment relating to Share No. 4 (the Luz Hein Share) of the Varal Pasture should be reversed, and that portion of the judgment relating to Share No. 2 (the Isabel Hein Share) should be modified so as to clearly define the effect of the judgment in relation to the findings and conclusions of the trial court upon which it is based.

The following map shows the location of the four shares of the Varal Pasture, as well as the road which is here involved.

binding upon us. Appellants, of course, may and they do attack the conclusions of law made by the court below on the ground that such conclusions are not supported by the findings of fact. Some few conclusions of law are intermingled within the findings of fact, but this detail of arrangement does not change their essential nature, nor render them immune from the attack leveled against them by appellants' points.

The following statement is made from the findings of fact:

The Varal Pasture is a large tract of land containing about 3,029.12 acres. In 1911, this property was owned by Henry Hein and consisted of unfenced prairie

No attack is made upon the findings of the trial court and they are consequently land. A roadway extended from about the center of the north line of the pasture and

ran in a southeasterly direction through the same to a point near the southeast corner thereof. (See map.) The road was a permissive way and Henry Hein used the same to go to various parts of his lands and his neighbors were also allowed to make use of the same.

In 1911, the Varal Pasture was fenced, but gates were provided so that the road could still be used by those desiring to do so. On September 10, 1929, all title to the Varal Pasture formerly owned by Henry Hein was held "jointly and undivided by Isabel S. de Hein, Conrad Hein, Enrique Hein, Irma Hein, Maria Hein de Llanos, Walter W. Winslow, John A. Pope, Bismark Pope and John A. Pope, Jr. An agreed judgment of partition was rendered between these parties who were all of the joint owners of the property." Share No. 1 was awarded to Maria Hein de Llanos. Share No. 2 was awarded to Isabel S. Hein, Conrad Hein, Enrique Hein and Irma Hein. Share No. 3 was awarded to W. W. Winslow, and Share No. 4, to John A. Pope, Bismark Pope and John A. Pope, Jr.

No right-of-way or easement was expressly reserved to or by any of the allottees of any share as against any of the allottees of any other share, but the partition decree provided that it should have the effect of an exchange of warranty deeds between the parties.

After this partition, the road was used in the same way it had been used before the partition. In 1933, Luz A. Hein acquired Share No. 4 from John A. Pope, Bismark Pope and John A. Pope, Jr., and some time later Maria Hein de Llanos acquired Share No. 3 from Walter W. Winslow. In 1944, Luz A. Hein fenced Share No. 4, separating it completely from Shares Nos. 1 and 3, owned by Maria Hein de Llanos. In 1949, Maria Hein de Llanos closed the road involved at the point of its entry on the north line of her Share No. 1 of the Varal Pasture.

The court found that the road in question was permissive only. This finding effectively disposes of the asserted claim of a way by prescription. As to a way of strict necessity, the court's fact findings were unfavorable to appellants and binding upon them.

The court found that from 1929, when Share No. 4 was set aside to Messrs. Pope, until they sold the same in 1933, no use was made of said tract requiring ingress or egress over any of the other tracts in the pasture.

By way of summary, it may be said that from the findings of fact it appears that for at least thirty-eight years (from 1911 to 1949) there was in existence and use an apparent and visible roadway extending from the southeast corner of Share No. 4 to the north line of Share No. 1. This was not a public road nor one established by prescription. As to the owner or owners of the Varal Pasture prior to 1929 the roadway was necessarily permissive for as long as one owner held the property, or it was held by tenants in common, all of such parties had a legal right of ingress and egress in and to any part of the pasture by virtue of their ownership thereof. The use of a road over one portion of a tract in connection with another portion thereof by such owner or owners did not give rise to an easement so long as both portions of the tract were owned by the same person or persons. However, when the pasture was partitioned between the joint owners thereof an easement arose by implication. This is in accordance with a well-recognized doctrine relating to quasi-easement which is applicable to the fact situation presented here. In Thompson's Commentaries on the Modern Law of Real Property, Permanent Edition, (hereinafter cited as Thompson) it is stated that: "A partition of real estate carries with it by implication any continuous easement reasonably necessary for the enjoyment of each part, which had been plainly and obviously enjoyed before partition. A partition is a simultaneous conveyance. The fact that the owner assented to the partition does not estop a successor in title from asserting a claim to the easement. Upon a severance by partition proceedings, easements are created corresponding to the benefits and burdens mutually existing at the time of the partition. The fact that title to land as a separate tract was obtained through par-

tition affords a stronger presumption of an implied grant than would otherwise arise." Thompson, § 401.

Relating to the effect of a continuous and apparent way used in connection with a part of a tract sold, it is said in Thompson, that: "Upon the grant by the owner of part of his property, as it is then being used and enjoyed, there will pass to the grantee all those continuous and apparent quasi-easements which are necessary to the reasonable use and enjoyment of the property granted, and which have been, and are at the time of the grant being, used by the owner of the entirety for the benefit of the part granted." Thompson, § 390. The case of Miles v. Bodenheim, Tex.Civ.App., 193 S.W. 693, is cited as supporting this particular statement from the text.

The fact that the Popes as tenants in common of the Varal Pasture prior to partition, and the owners of Share No. 4 thereafter, did not make use of their property or the roads running to, through and from the same, would not prevent the easement from arising at the time of the partition, as "it is not essential that the apparent incidents be in actual use by the vendor at the time of the sale, in connection with the portion conveyed; knowledge on his part of their existence is sufficient, and this may be shown otherwise than by actual use. When the incidents are open and visible, knowledge of their existence is inferred." Thompson, § 390.

While there is some conflict among the American decisions on the point, the majority rule is that a showing of absolute necessity for the way is not essential. Where the way is obvious and apparent at the time of the conveyance or the partition, "the prevailing rule of the modern cases seems to be that the necessity required in order to pass an easement by implication by a grant by a person of a part of his estate is a reasonable necessity, not an absolute necessity. It is sufficient if full enjoyment of the property can not be had without the easement, or that it materially adds to the value of the land." Thompson, § 410. The majority view prevails in Texas. Miles v. Bodenheim, Tex.Civ.App., 193 S.W. 693; Barrick v. Gillette, Tex.Civ.

App., 187 S.W.2d 683; Pokorny v. Yudin, Tex.Civ.App., 188 S.W.2d 185. See also, 17 Am.Jur. 954, § 44; Annotations, 34 A.L.R. 233, 100 A.L.R. 1321, 164 A.L.R. 1001.

The road herein involved was open and visible prior to 1911. It continued in such condition despite fencing until 1949. When fences were built, gates were provided for the road. In 1929, when the partition was made, this road became an easement appurtenant to Share No. 4 of the partition. Maria Hein de Llanos, the owner of Partition Share No. 1, exceeded her legal rights when she attempted to close the road in 1949, and thus deprive the owners of Share No. 4 of a valuable and convenient way to Laredo, which they had used for many years prior to that time.

The trial court's findings having particular reference to Share No. 2 (Isabel Hein) are as follows:

"That said permissive roadway across Varal Pasture did not enter or touch that part of said pasture now designated as Share No. 2, taken in said partition decree by Isabel S. de Hein, Conrad Hein, Enrique Hein and Irma Hein.

"That said Tract No. 2 is not shown to be used by the owners, or to have ever been used, for any purpose, and is not shown to be separately fenced, and no necessity is shown to exist or to have ever existed for a road to serve that share for any purpose to which it has ever been put, if any."

As the roadway crossed no part of Share No. 2, did not border thereon and was not in any way connected therewith, the doctrine of implied grant of visible and apparent roadways is not applicable to said share. 17 Am.Jur. 1014, Easements, § 126. It appears, however, that the basis for refusing a way of necessity to Share 2, is that "no necessity *is shown to exist* or to have ever existed for a road." If in the future the owners of the share desired to make use of the same which would necessitate a way of ingress and egress, the present judgment would not operate as a bar to the obtaining of such relief, providing a proper showing therefor were made. I would reform the wording of the decree to expressly so provide and make the matter entirely clear.

I am in accord with the majority holding as to Share No. 4, but, for the reasons stated, I would affirm the judgment of the trial court as to Share No. 2 with the modification above suggested. I respectfully dissent from that part of the order of this Court which renders judgment for the appellant, insofar as Share No. 2 is concerned.