## Chitwood v. Whitlow et al.

June 2, 1950.

John B. Rodes, Judge.

Noel F. Harper for appellant.

W. D. Gilliam for appellees.

CLAY, COMMISSIONER—Affirming.

This suit was brought to quiet title to a passway and to enjoin appellant from obstructing it. Appellee was granted the relief prayed.

In 1947 appellee purchased a part of what is known as the Carter farm in Allen County. Appellant's land, which he has owned for a number of years, adjoins this tract. There is ample proof that for the past 30 or 40 years the owners of the land purchased by appellee and members of the public have used a roadway passing through appellant's property. This roadway leads to what is known as the Colston Road, which joins a main highway at two points. It has been used as a connecting link in traveling to the main road and to a church and school located thereon.

The evidence indicates that in the last four or five years this road has fallen into disrepair; that part of it runs through a gulley which has been substantially washed out; and that weeds, bushes and saplings have grown up in the roadbed. Apparently its present condition is such that it cannot be satisfactorily used for vehicular travel, but there is evidence that without much expense it could be made reasonably passable.

The issue in the case as we see it is whether or not this roadway has been abandoned. It is clear that at one time appellee's predecessors in title acquired a prescriptive right to its use. No intention to abandon it has been shown except insofar as permitting it to become almost impassable is evidence of such intention. It is the general rule that mere non-user for a relatively short period of time will not constitute abandonment. There must be other acts or circumstances which indicate that the owner of the dominant estate intended to give up the rights in the land he had acquired. See 17 Am. Jur., Easements, Sections 142 and 144.

An excellent discussion of the principles involved are found in the cases of Cox v. Blaydes, 246 Ky. 121, 54 S. W. 2d 622, and City of Harrodsburg v. Cunningham, 299 Ky. 193, 184 S. W. 2d 357. In the latter case it was pointed out that forfeitures of easements, like other forfeitures, are not favored; and a temporary suspension of use without adverse possession is not alone sufficient to show abandonment.

From our reading of the proof, we think it was clearly shown the easement at one time existed, and the only factors indicating abandonment have been a temporary disuse and disrepair of the passway. These circumstances were insufficient to establish an intention to abandon, and the Chancellor's finding to that effect was justified.

The judgment is affirmed.