**Bobby SCOTT and Wanda Scott, Appellants,**

v.

**LONG VALLEY FARM KENTUCKY, INC., Andrew C. Rose, and Charles H. Moore, Appellees.**

**No. 90–CA–0691–MR.**

Court of Appeals of Kentucky.

Feb. 22, 1991.

Glenn E. Acree, McBrayer, McGinnis, Leslie and Kirkland, Lexington, for appellants.

Mary Ann Getty, William R. Hilliard, Jr., Lexington, for appellees.

Before EMBERTON, HOWERTON and MILLER, JJ.

MILLER, Judge.

Bobby and Wanda Scott appeal from a judgment of the Fayette Circuit Court entered upon cross-motions for summary judgment. Kentucky Rules of Civil Procedure (CR) 56. We reverse.

The facts are these: Since the 1920's in rural Fayette County, several parcels of land, including the tract now owned by the Scotts, have benefitted from easements appurtenant to water from the Blue Springs Water System (Blue Springs) located on land now owned by appellees, Long Valley Farm Kentucky, Inc., Andrew C. Rose, and Charles H. Moore (hereinafter collectively referred to as Long Valley.) The easements were expressly created by deed. The Blue Springs system consists of a spring, pump house, and reservoir, and other facilities. Each user (parcel owner) paid $12 per year to the owner(s) of Blue Springs and maintain the water line as it traversed his respective property. The owner(s) of Blue Springs were to maintain the spring facilities. The Scotts acquired their parcel of land in 1963.

Long Valley, a real estate development company, acquired title to Blue Springs in 1986 from Spendthrift Farm, Inc. Prior to this time and in 1978, Spendthrift had, by quit-claim, purchased and extinguished the rights of all the parcels, with exception of the parcel owned by the Scotts (and perhaps one other parcel, not involved in this litigation.) City water was made available to the Scotts in 1973, but they continued to use Blue Springs water for lawn and garden purposes.

In 1987, water service to the Scotts was interrupted. They complained to Long Valley, which responded by demanding of them over $1,000 for repair of a pump, and threatening that unless payment was made, water from Blue Springs would be "cut off permanently."

In 1988, the Scotts filed suit for declaration of rights. Kentucky Revised Statutes (KRS) 418.045 and CR. 57. On March 1, 1990, the circuit court entered judgment in favor of Long Valley, extinguishing all rights of the Scotts in the Blue Springs water system, thereby precipitating this appeal. Although categorizing their arguments under four separate topics, the Scotts essentially complain that (1) a question of fact precluded summary judgment, and (2) the circuit court was erroneous as a matter of law in extinguishing their easement in the Blue Springs system.

Because we deem there is no question of fact for consideration, we go directly to the question of whether the court was correct as a matter of law in extinguishing the servitude upon Long Valley's land. We are here concerned with an easement appurtenant. Two distinct tenements are involved, the dominant estate to which the right belongs and the servient estate which bears the burden. *See Lyle v. Holman,* Ky., 238 S.W.2d 157 (1951); 25 Am.Jr.2d *Easements and Licenses* §§ 7–14 (1966). Long Valley owns the servient estate and the Scotts own the dominant. We view the easement in question as a permanent easement. Ordinarily, such right is forever, unless, of course, terminated by an act of the parties (for example, abandonment, merger, or conveyance) or by operation of law, as in the case of forfeiture or otherwise. 25 Am.Jr.2d *Easements and Licenses* § 101 et seq. (1966).

The trial court offered several reasons for extinguishing the Scotts' rights to the Blue Springs water supply. Specifically noted were the following facts: the Scotts had availability of city water; the Blue Springs system is "antiquated" and in need of costly repair; to require the servient estate (Long Valley) to forever maintain the system is "patently absurd." Finally, the court noted that other parcels (dominant estates) had relinquished their rights

to the spring water and that to continue requiring the servient estate (Long Valley) to furnish water only to the Scotts would be manifestly unfair. Under its equitable power, the court, relying upon *Robbins v. Cornell,* Ky., 311 S.W.2d 543 (1958), and *Logan v. Logan,* Ky., 409 S.W.2d 531 (1966), terminated appellants' easement. We think this was an erroneous interpretation of the applicable law. *Robbins* and *Logan* involved "restrictive covenants." Both cases recognized the familiar rule that a change in neighborhood conditions will prevent enforcement of restrictive covenants in equity. 20 Am.Jr.2d *Covenant, Conditions, Etc.* § 281 et seq. (1965). The case at hand involves an easement appurtenant which inheres in the land. When the Scotts purchased the parcel of land, it carried with it, as the dominant estate under existing deed covenants running with the land, the right of enjoyment of the servient estate upon which Blue Springs is located. Likewise, when Long Valley purchased its land, it carried with it the burden or servitude of furnishing the dominant estate with water. We see nothing in the record to authorize the court in its equitable powers to alter these rights. We are of the view the circuit court should have enforced the terms of the easement. It is of no concern that the servient estate suffers an economic burden. Burdens are inherent features of servitudes. It is likewise not relevant that the dominant estate makes little or no use of the servitude, or, for that matter, that there exists an alternative means of enjoyment, such as city water. The relative rights and obligations of the parties herein, by virtue of their ownership of the lands involved, are fixed by existing covenants at the time of their respective acquisitions. We are shown no authority for judicial interference.

For the foregoing reasons, the judgment of the circuit court is reversed, and this cause is remanded for proceedings consistent with this opinion.

All concur.