TAYLOR, JUDGE:
Jennifer A. Colyer appeals an Order entered by the Trimble Circuit Court on October 12, 2016, holding that Coyote Ridge Farm, LLC (Coyote) has an easement appurtenant permitting the use of a roadway across the Colyers' approximate eighteen-acre tract of land to access Coyote's farmland.[2] For the following reasons, we affirm.
We begin by noting that this is not the first lawsuit involving the easement and use of the roadway across the Colyers' property. The Colyers and the Dallas Moore family (Moores), Coyote's predecessor in interest, were involved in litigation in 1993 initiated by the Moores, regarding the Moores' use of the same road across the Colyers' land to access the farmland owned by the Moores. The Colyers had purchased their land, which adjoined the Moores, in 1987. At the time of the Colyers' acquisition, the record reflects that the Moores had been using the gravel roadway across the Colyers' property to access their farmland for many years. The use of the road by the Moores was for farming purposes only.
On February 2, 1996, the Trimble Circuit Court entered a final order resolving the litigation between the Moores and the Colyers, incorporating its preliminary findings of August 1, 1995, and stating the following:
[T]he Plaintiff in this action [the Moores] is entitled to use the existing all-weather road across the property owned by the [Colyers] for the purpose of maintaining their [the Moores] farming operation on the adjacent farm. It is to be reasonably understood that it includes the Moore family, workers or other employees reasonably related to the farm operation, and personal vehicles and farm equipment necessary and incidental to the operation of the farm. Any use above and beyond that is by permission only.
Unfortunately, the 1996 order did not specifically state whether the Moores' right to use the roadway was an easement appurtenant that could be transferred to a successor in ownership of the property. Rather, the court concluded that a prescriptive easement for access across the Colyers' property had been established as between those parties. The 1996 final order was not appealed.
In 2011, Coyote purchased the Moores' farm. The deed from the Moores to Coyote states that the transaction is "made subject to all easements, stipulations and restrictions of record or apparent," but further states that "[t]he parties hereto agree that there are no easements transferred with this property." Coyote purchased the property knowing there could arise a dispute on their use of the road across the Colyers' property to access part of Coyote's farm.
In 2012, the Colyers gave Coyote permission to use the road for one year. Since then, the Colyers have declined to give Coyote permission to access the road across their property. In 2015, Coyote filed this action, seeking a determination that it had legally succeeded to the Moores' prescriptive *662 easement right to use the roadway.
The circuit court conducted a two-day bench trial in January 2016. By order entered October 12, 2016, the court concluded that the 1996 court order had created a prescriptive easement appurtenant for the Moores' right of access to the roadway that ran with the land. The circuit court held:
[T]he Court finds that the 1996 declaratory judgment granting a prescriptive easement to the Moore family created an easement appurtenant, with the Moore property being the dominant estate, and that the Colyer property being the servient estate. Under Kentucky law this easement was not required to be affirmatively conveyed to [Coyote], despite the language of the declaratory judgment, and neither the Moore family nor [Coyote] have abandoned or in any other way terminated the easement. Therefore, the Court GRANTS [Coyote's] request for relief and orders [Coyote] to have a prescriptive easement across the [Colyers'] real property pursuant to the terms and responsibilities of the 1996 declaratory judgment.
This appeal follows.
As noted, the circuit court conducted a two-day bench trial in this action. Accordingly, our review is based upon the clearly erroneous standard set forth in Kentucky Rules of Civil Procedure (CR) 52.01. CR 52.01 states that "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." A reversible error arises when there is no substantial evidence in the record to support the findings of the trial court. M.P.S. v. Cabinet for Human Resources , 979 S.W.2d 114, 116 (Ky. App. 1998) (citation omitted). Evidence is substantial, when taken alone or in light of all the evidence, if it has sufficient probative value to induce conviction in the mind of a reasonable person. Stanford Health & Rehab. Ctr. v. Brock , 334 S.W.3d 883, 885 (Ky. App. 2010) (citations omitted). And, we view questions of law de novo. Gosney v. Glenn , 163 S.W.3d 894, 888 (Ky. App. 2005) (citations omitted).
Additionally, because the circuit court interpreted the 1996 court order which addressed the same easement issue which is the subject matter of this action, this court too has reviewed the 1996 order as interpreted in the order now on appeal. The interpretation and construction of a court judgment or final order presents a question of law and again our review is de novo. Id. A judgment must be interpreted as a whole to give effect to the underlying intent of the court. Farmer v. Cassinelli , 303 S.W.2d 555, 557 (Ky. 1957) (citation omitted). Thus, as necessary to review the 2016 order now on appeal, we will also review the 1996 final order as relied upon by the circuit court below.
ANALYSIS
On appeal, the Colyers acknowledge that there is no dispute that the 1996 final order adjudicated the existence of an easement appurtenant, by prescription, across the Colyer property. The Colyer property was deemed the servient estate which the easement crosses to the benefit of adjoining property, then owned by the Moores, being the dominant estate to which the easement attached. See Meade v. Ginn , 159 S.W.3d 314, 320 (Ky. 2004). Based upon our review of the 1996 final order, we agree that the circuit court correctly interpreted the final order's conclusions that the easement was not created personal to the Moores only, but rather was appurtenant to the land and for farming purposes by the Moores. And, contrary *663 to the Colyers' argument in their brief, easement appurtenants pass with the land to which they attach, or are appurtenant to, without the necessity of being mentioned in a deed. Smith v. Combs , 554 S.W.2d 412, 413 (Ky. App. 1977) (citing Kentucky Revised Statutes 381.200 ). Thus, the easement was not extinguished as a matter of law upon the Moores' transfer of their property to Coyote.
In Kentucky, easements appurtenant last forever unless terminated by a specific act of the parties or by operation of law. Scott v. Long Valley Farm Kentucky, Inc. , 804 S.W.2d 15, 16 (Ky. App. 1991). See also , 25 Am. Jur. 2d Easements and Licenses § 94 et seq. (2004).[3] We agree with Colyer that the circuit court misstated this rule of law in Kentucky based upon its interpretation of Dukes v. Link , 315 S.W.3d 712 (Ky. App. 2010).[4] Notwithstanding, the circuit court did not specifically rely upon this misstatement of the law in its final ruling that neither the Moores nor Coyote terminated or abandoned the easement.
However, Colyer further argues that the easement was intentionally terminated or extinguished upon the transfer of the property by the Moores to Coyote in 2011, based upon the terms of the deed. This necessitates our review of the deed from the Moores to Coyote executed on August 26, 2011.
It is well-established that interpretation of a deed presents an issue of law for the court, and our review proceeds de novo. Brewick v. Brewick , 121 S.W.3d 524, 526 (Ky. App. 2003) ; Smith v. Vest , 265 S.W.3d 246 (Ky. App. 2007). When interpreting a deed, the intention of the parties is paramount and should be gleaned from the four-corners of the instrument. Kentucky-West Virginia Gas Co. v. Browning , 521 S.W.2d 516, 517 (Ky. 1975). And, any ambiguity in a deed should be interpreted in favor of passing a complete title to the grantee. Gabbard v. Short , 351 S.W.2d 510, 511 (Ky. 1961) ; Childers v. Welch , 304 Ky. 700, 202 S.W.2d 169, 171 (1947) ; Williams v. Williams , 259 S.W.2d 53, 54 (Ky. 1953).
As previously noted, the 2011 deed contains two conflicting statements, which could be construed to affect the easement at issue as argued by Colyer. However, based on our review of the deed, we can find no expressly stated intent in the deed by the parties to specifically terminate the easement allowing Coyote's right of access across the Colyer property to farm its land, as the Moores had done for many *664 years before. At best, an ambiguity exists in the deed. To the extent an ambiguity does exist from the conflicting provisions in the deed, the law of Kentucky previously cited favors the passing of a complete title to Coyote, the grantee, including the easement. Thus, the parties did not intentionally terminate the easement upon the transfer of the property to Coyote.
Finally, Colyer argues in the alternative that Coyote abandoned the easement after obtaining title to the property from the Moores in 2011. Colyer specifically cites to representatives of Coyote coming to the Colyers in 2012 for the purpose of "coming to an agreement" for the use of the roadway for the 2012 crop year. The parties agreed Coyote could use the access easement to farm their land in 2012. However, the Colyers refused access to Coyote in 2013 and 2014 for use of the roadway. Upon being denied access again in 2015, Coyote initiated this action.
Normally, the nonusage of an easement for a relatively short period of time will not legally constitute an abandonment of an easement in Kentucky. Chitwood v. Whitlow , 313 Ky. 182, 230 S.W.2d 641, 642 (Ky. 1950). Instead, "[t]here must be other acts or circumstances which indicate that the owner of the dominant estate intended to give up" the easement. Id. at 641. Additionally, the intent to abandon must be plainly and readily apparent. Jennings v. Dunn , 252 Ky. 740, 68 S.W.2d 13, 13 (1933). And, we are mindful that forfeitures of easements via abandonment are disfavored in Kentucky. Chitwood , 313 Ky. 182, 230 S.W.2d 641, 642.
In this case, there was testimony establishing that Coyote did not use the roadway at issue for about two to three years prior to filing this action. We conclude that relatively short period of nonuse is insufficient to constitute an abandonment of the easement. See Chitwood, 230 S.W.2d at 641-42 (holding that not using road for four to five years and allowing it to fall into disrepair insufficient to constitute abandonment). Moreover, the fact that Coyote attempted to come to an amicable agreement with the Colyers about using the roadway cannot reasonably be construed to show an unmistakable intent to abandon the easement. Asking permission of the Colyers could just as easily be reasonably interpreted as Coyote making a neighborly attempt to preserve harmony between adjoining landowners to avoid additional litigation over usage of the roadway. The circuit court's finding of no abandonment by Coyote is not clearly erroneous. Thus, we reject Colyer's claims that the easement had been abandoned by Coyote.
Any additionally arguments raised on appeal by Colyer are moot or without merit. However, we do agree with the circuit court that the easement across Colyer's property is limited to farming purposes only by Coyote, subject to the provisions of the February 2, 1996, final order as incorporated in the circuit court's order of October 12, 2016.
For the foregoing reasons, the Order of the Trimble Circuit Court is affirmed.
ALL CONCUR.

The appeal was initially filed by James E. Colyer and Jennifer A. Colyer. James E. Colyer passed away during the pendency of this appeal. Because the Colyers owned their property as tenants by the entirety with survivorship, this Court ordered on June 5, 2018, that Jennifer A. Colyer would continue as the sole appellant. For purposes of this Opinion, references will be made to the Colyers, in plural, as needed.

The 2018 version of this citation is 25 Am. Jur. 2d Easements and Licenses § 83 et seq.

As Colyer correctly points out, the trial court cited Dukes v. Link , 315 S.W.3d 712 (Ky. App. 2010) for the proposition that easements appurtenant cannot be terminated by an act of the parties. Indeed, Dukes does state that "[a]n easement appurtenant inheres in the land and cannot be 'terminated by an act of the parties (for example, abandonment, merger, or conveyance) or by operation of law, as in the case of forfeiture or otherwise.' " Dukes , 315 S.W.3d at 715 (quoting Scott v. Long Valley Farm Kentucky, Inc. , 804 S.W.2d 15, 16 (Ky. App. 1991) ). However, Dukes ' quotation appears to contain a typographical error that leads to a misstatement of the law. Scott actually states that "[o]rdinarily, such right is forever, unless, of course , terminated by an act of the parties (for example, abandonment, merger, or conveyance) or by operation of law, as in the case of forfeiture or otherwise." Scott, 804 S.W.2d at 16 (emphasis added). We have found at least one other published case, Baker v. Hines , 406 S.W.3d 21 (Ky. App. 2013), which contains the same error as in Dukes misstating the rule of law set out in Scott . Thus, we caution the bench and bar in Kentucky to not cite Dukes or Baker as authority for the erroneous proposition that easements appurtenant can never be extinguished by acts of the parties.