RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0372-MR

RODRICK JOHNSON AND ANGELA
JOHNSON                                                             APPELLANTS


                        APPEAL FROM CAMPBELL CIRCUIT COURT
v.                      HONORABLE DANIEL J. ZALLA, JUDGE
                        ACTION NO. 17-CI-00646


NORTHERN KENTUCKY WATER
DISTRICT; CHRISTOPHER N.
CRUZE; DONALD G. HILKER;
DONNA VONDERHAAR;
EVERGREEN CEMETERY
COMPANY; JAMES H.
VONDERHAAR; JANET BERTSCH;
JENNIFER GRONECK; JUDITH
SANZENBACKER; LARRY W.
LONG; MARY JO LONG; MEGEN
CRUZE; NORTHERN KENTUCKY
UNIVERSITY RESEARCH
FOUNDATION, INC.; RICHARD
SANZENBACKER; RONALD L.
BERTSCH; SANITATION DISTRICT
NO. 1 OF NORTHERN KENTUCKY;
THOMAS GRONECK; AND
WILLIAM FIGGINS

                                                                   APPELLEES

<u>OPINION</u>
<u>REVERSING AND REMANDING</u>

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND MᴄNEILL, JUDGES.

MᴄNEILL, JUDGE:  Rodrick and Angela Johnson ("Johnsons") appeal from the Campbell Circuit Court's judgment finding they have no legal right to a certain right-of-way to access their property because their predecessors-in-interest abandoned the easement.  Because the trial court's finding concerning intent to abandon was not supported by substantial evidence, we reverse and remand.

This is a declaratory judgment action in which the Johnsons seek recognition of their right to access their property via a right-of-way referred to by the parties as Covington Waterworks Road ("CWR").  Appellee homeowners[1] and Appellee Evergreen Cemetery Company ("Evergreen") own property adjacent to the Johnsons' property.  All parties' properties stem from a common source.  In 1913, Herman Feldman conveyed to Evergreen 53.6 acres of a 98-acre parcel of real estate.  The Johnsons' and homeowners' properties derive from Feldman's remainder.

The Johnsons' claimed easement arises from the 1913 Feldman-Evergreen deed, which provided:

_____

[1] Appellee homeowners are Richard Sanzenbacker, Judith Sanzenbacker, Donald Hilker, Larry Long, Mary Jo Long, James H. Vonderhaar, Donna Vonderhaar, and William Figgins.

> The grantors, their heirs, executors, administrators and assigns, and the grantee, its successors and assigns, shall have mutual and equal right to the use the [sic] that portion of the Budde Road, sometimes called the Covington Water Works Road, as extends from the west to the east boundary of the land herein conveyed; and shall keep the same in repair, each bearing an equal proportion of the cost of said repairs.

The Johnsons filed a complaint in Campbell Circuit Court seeking a declaration of right to use CWR; that the road cannot be unilaterally narrowed, closed, or widened; and that the property owners bear a proportionate share of the cost of maintaining the road. A bench trial was held on November 3-5, 2021. Prior to trial, the court and parties twice visited the site and walked the alleged right-of-way.

Much of the trial testimony centered on the location of CWR, which is disputed, with the Johnsons and appellee homeowners both offering testimony from licensed surveyors. Relevant to the issue of abandonment, appellee homeowner Larry Long testified he had never seen a vehicle on CWR in twenty years, or any evidence of such. According to Long, there are a lot of trees in the roadway, some as large as two to three feet in diameter. The roadway is also covered in brush, roots, and ruts, from erosion. Long also testified there were manholes in the roadway, but he did not describe them or say how many.

Appellee homeowner James Vonderhaar similarly testified he had never seen a vehicle on CWR in the thirty-two years he had lived there. He also

-3-

stated the roadway is full of brush and trees. Evergreen's president, Fred Haas, claimed it was not even aware the road existed until the Johnsons contacted Evergreen, and that it had no need for the road. Appellee Sanitation District No. 1 ("SD1"), who installed and maintains the manholes alongside and on CWR, offered exhibits showing the sewer line's location in 1974 and at present,[2] but offered no testimony. Neither the Johnsons nor their predecessors-in-interest testified.[3]

Following the evidence, the trial court denied the Johnsons' petition for declaration of rights, finding their predecessors-in-interest had abandoned the easement. The court noted the presence of "large trees, undergrowth, abrupt changes in elevation, and significant above-ground, concrete sanitation manholes" in the roadway, which it observed during its site visit. The court described the manholes as "two to three feet above ground" and found their presence "makes the road impossible to navigate and use for vehicular traffic." Based upon SD1's 1974 map of its sewer line, the court determined the road had not been used since that time.

---

[2] For whatever reason, these exhibits are not in the record on appeal.

[3] According to the parties' Joint Exhibit 1, those predecessors-in-interest are (from most recent to least recent): Brian and Deanna Markus and Lawrence and Shauna Vogt, Sherrie Johnson and Nancy Star May, John T. Johnson, Ernest Johnson, and Verax.

The court found that by acquiescing to the placement of manholes within the road, the Johnsons' predecessors-in-interest clearly showcased their intent to abandon its use for vehicular ingress and egress because "[s]uch manholes are inconsistent with the easement holders' use and enjoyment of the road." Because of its ruling, the court found it unnecessary to determine the exact location of the easement. This appeal followed.

As this is an appeal from a bench trial, the court's factual findings are "not [to] be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR[4] 52.01. A factual finding is not clearly erroneous if it is supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citation omitted). However, we review the trial court's conclusions of law *de novo*. *Sawyers v. Beller*, 384 S.W.3d 107, 110 (Ky. 2012) (citation omitted).

The Johnsons' core contention on appeal is that the trial court erred in finding their easement abandoned.[5] They argue the trial court's ruling was based

---

[4] Kentucky Rules of Civil Procedure.

[5] The Johnsons make several related arguments about the trial court's findings concerning the location of the manholes, specifically that the manholes are in the roadway. The location of CWR was disputed at trial and the trial court made no ruling on this issue. Regardless of the actual location of the roadway, we assume for purposes of appeal that at least some manholes can be found in the roadway. We would note that appellee homeowner Larry Long agreed that manholes were in the roadway, which supports the trial court's own observations during the site visits. As such, substantial evidence supported this finding.

primarily on its finding that the manholes obstruct the roadway, a finding not supported by substantial evidence.[6] We agree the finding of abandonment was in error, though for a slightly different reason than that explicitly argued by the Johnsons. The Johnsons misconstrue the trial court's holding concerning abandonment, believing it was based upon adverse possession by SD1. However, the trial court's abandonment finding was premised on the intent of the Johnsons' predecessors-in-interest, not adverse possession.

Despite this confusion, we believe the Johnsons sufficiently preserved their claim of error. In their reply brief, they state "[f]inding abandonment of an express easement on nonuse alone, without . . . any other evidence evincing an intention to abandon the easement is legal error . . . ." The trial court's finding of intent to abandon hinged on its finding that the manholes obstructed the roadway, which the Johnsons dispute in their appellate brief. Therefore, we review the trial court's finding of intent to abandon.

---

[6] The Johnsons' appellate brief does not conform to the Kentucky Rules of Appellate Procedure ("RAP") as it fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." RAP 32(A)(4). "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because this is an appeal from a bench trial and the Johnsons' main challenge is to the sufficiency of the evidence, we believe their arguments are properly preserved. *See LCH Properties, LLC v. Fannin*, No. 2011-CA-001993-MR, 2013 WL 2450526, at *3 (Ky. App. Jun. 7, 2013). Therefore, we elect to ignore the deficiency and proceed with the review.

As an initial matter, the Johnsons base their claim of right to use CWR on the 1913 Feldman-Evergreen deed. Although the trial court never made an explicit finding concerning the existence of an easement, or its nature, its ruling was based upon law pertaining to express easements, and it appears to have assumed an express easement; therefore, for purposes of appeal, we will do the same.

It is the general rule in Kentucky that "[m]ere nonuser of an easement created by deed, however long continued, does not create an abandonment." *City of Harrodsburg v. Cunningham*, 299 Ky. 193, 184 S.W.2d 357, 359 (1944) (citation omitted). Nonuse must be accompanied "by unequivocal acts showing a clear intention to abandon" the easement. *Id.* (citation omitted). This "intent to abandon must be plainly and readily apparent." *Colyer v. Coyote Ridge Farm, LLC*, 565 S.W.3d 659, 664 (Ky. App. 2018). Further, the intent to abandon is "a question of fact to be ascertained from all the circumstances of the case." *City of Harrodsburg*, S.W.2d at 359 (citation omitted). "And, we are mindful that forfeitures of easements via abandonment are disfavored in Kentucky." *Colyer*, 565 S.W.3d at 664 (citing *Chitwood v. Whitlow*, 313 Ky. 230 S.W.2d 641, 642 (1950)).

The trial court found that CWR had not been used since March 1, 1974, the date of SD1's Exhibit 1, which showed the manholes in existence at that

time. As evidence of nonuse, it cited the "large trees, undergrowth, abrupt changes in elevation, and significant, aboveground, concrete sanitation manholes" in the roadway. It was these manholes, "stand[ing] two to three feet above the ground," which led to the trial court's ultimate finding of abandonment. In addition to nonuse, the trial court found that by permitting the construction of the manholes, the Johnsons' predecessors-in-interest clearly manifested their intent to abandon the road, because "[s]uch manholes constitute permanent obstructions to ingress and egress over" CWR and "are [therefore] inconsistent with the road's purpose and further existence."

Thus, the trial court found that by allowing SD1 to place two to three feet tall above-ground manholes in the roadway, the Johnsons' predecessors-in-interest demonstrated their intent to abandon the easement. This finding is problematic, however, because it was based on the manholes as they appear today. There was no testimony or evidence concerning the manholes as they existed in 1974. It is unclear from the record whether the manholes are above ground by intent or due to other factors, such as erosion of the surrounding soil. In fact, the evidence suggests at least some of the manholes are underground.[7]

---

[7] Appellee homeowners' surveyor, William Reis, in a conversation with SD1's counsel, stated he only plotted the manholes that were visible above ground. Reis's survey identified five of SD1's ten claimed manholes. Reis admitted it was possible he missed some if they were underground or up the easement where he did not survey.

If the manholes in 1974 were all either underground (prior to erosion or tree growth) or would not have impeded a subsequent improvement to the road by the Johnsons, then their presence in the roadway would not be evidence of the dominant estate's intent to abandon the easement. Without evidence of the manholes as they existed in 1974, there is no evidence of intent to abandon them. The only other evidence supporting the trial court's finding of abandonment was the general state of disrepair of the roadway. But, as noted above, evidence of nonuse alone cannot support a finding of abandonment of an easement by grant, no matter how long. *City of Harrodsburg*, 184 S.W.2d at 359. Therefore, the trial court's finding of intent to abandon was clearly erroneous. *See Rogers v. Lexington-Fayette Urban Cnty. Government*, 175 S.W.3d 569, 571 (Ky. 2005) (citation omitted) ("On appellate review, the appellate court may determine that findings are clearly erroneous if they are without adequate evidentiary support . . . .").

Because we reverse the trial court's finding of abandonment of the easement, on remand it will be necessary for the trial court to determine the location of CWR, as well as any other unresolved issues raised in the Johnsons' complaint.

Based upon the foregoing, the judgment of the Campbell Circuit Court is reversed, and this matter is remanded for further proceedings consistent with this Opinion.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Jason C. Kuhlman
Fort Mitchell, Kentucky

BRIEF FOR APPELLEE
EVERGREEN CEMETERY
COMPANY:

John E. Lange, IV
Newport, Kentucky

BRIEFS FOR APPELLEES
RICHARD AND JUDITH
SANZENBACKER, DONALD
HILKER, LARRY AND MARY JO
LONG, JAMES AND DONNA
VONDERHAAR, AND WILLIAM
FIGGINS:

James W. Morgan, Jr.
Covington, Kentucky