RENDERED: FEBRUARY 16, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0335-MR

MICHAEL F. HAYDEN                                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE MITCH PERRY, JUDGE
ACTION NO. 21-CI-003542


JOHN INGRAM GILDERBLOOM
AND ARN HOLDINGS, LLC                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE: This case involves a land dispute between neighbors. Michael F. Hayden appeals the judgment of the Jefferson Circuit Court entered on cross-motions for summary judgment. After our review, we affirm.

Since at least the mid-1890s, parcels of real property facing Highland Avenue in Louisville have benefitted from permanent easements appurtenant. These easements, expressly created by deed, invest the property owners with the

non-exclusive right to use a private alleyway adjoining the rear portions of their properties. By virtue of the terms of the express easements, the owners of these parcels are said to enjoy dominant estates. The record does not reveal the owner of the alleyway property; *i.e.*, the burdened or servient estate.

In June 2021, John Ingram (Gilderbloom) owner of the property at 1405 Highland Avenue in Louisville, filed a complaint in Jefferson Circuit Court. ARN Holdings, LLC was later added as a plaintiff to the proceedings. We refer to the plaintiffs (now Appellees) collectively as "Gilderbloom."

In his complaint, Gilderbloom alleged that Michael F. Hayden, owner of property at 1407 Highland Avenue (Gilderbloom's next-door neighbor to the east), wrongfully blocked Gilderbloom's access to the alley by constructing a fence across it. He alleged that the fence prevents vehicular access to his back yard. As a result, he cannot build a useful garage or receive deliveries at the rear of his property. In addition, he can no longer easily move trash bins for garbage collection at a separate adjoining alley to the east of Hayden.

> Gilderbloom's recorded deed describes his property, in part, as follows:
>
> [R]unning thence Northeastwardly along the Northwest side of Highland Avenue 33 feet 4 inches and extending back Northwestwardly on the same width throughout between lines parallel with the Northeast line of Edward Street *128 feet, and as appurtenant to said lot the right to use and enjoy the 18 foot alleyway* adjoining the Eastern

line of said lot connecting with a 10 foot alley giving
outlet to the North.

(Emphasis added.) This or similar language is contained in Gilderbloom's chain of

title from 1895 forward.

The deeds in Hayden's chain of title also incorporate metes-and-

bounds descriptions of his property. This deed, for example, recorded in 1894,

describes 1407 Highland Avenue as follows:

> Beginning in the northwardly line of Highland Avenue
> sixty six feet and eight inches eastwardly of the
> northwardly corner of Highland Avenue and Edward
> Street thence eastwardly with the northwardly line of
> Highland Avenue thirty three feet and four inches thence
> at right angles to Highland Avenue *northwardly one
> hundred and ten feet to a private alley eighteen (18) feet
> wide and thirty three feet four inches long* which alley
> has an outlet by the way of a private alley ten feet wide
> running northwardly to an alley running parallel to
> Highland Avenue said alleys are hereby dedicated to the
> use of second party or any tenant she may have or any
> party she may sell to thence westwardly with said
> eighteen foot alley thirty three feet and four inches,
> thence southwardly one hundred and ten feet to point of
> beginning.

(Emphasis added.) The same description is contained in the next deed transferring

ownership of the property. However, the next eleven deeds, while using a similar

metes-and-bounds description of the property to be transferred, omit reference to

the easements. The deed from Mark and Elaine Rose to Barney A. Sutton

(Hayden's immediate predecessor in title) simply describes the northern boundary

-3-

of the property (110 feet from Highland Avenue) as adjoining *the south line of the alley* for a distance of 33 feet 4 inches.

Following a period of discovery, Hayden filed a motion for summary judgment. Hayden contended that access from the 1405 property to the disputed alleyway adjoining the rear of his property had been "totally blocked and unused for over twenty (20) years." He argued that any right of the owners of 1405 Highland Avenue to cross the disputed alleyway had been lost through adverse possession and that this fact was reflected in a recorded "deed of consolidation," dated January 24, 2001. The "deed of consolidation" now described the property at 1407 Highland Avenue, in part, as follows:

> [T]hence at right angles to Highland Avenue, Northwardly **128 feet to the North line of a private alley**; thence Eastwardly along the North line of said alley, 33 feet 4 inches; **thence Southwardly 128 feet**; thence Westwardly with the Northern line of Highland Avenue 33 feet 4 inches to the point of beginning.
>
> BEING a consolidation of property acquired by Barney A. Sutton, by Deed dated May 12, 1998, of record in Deed Book 7039, Page 762, in the Office of the Clerk of the County Court of Jefferson County, Kentucky, **and property adversely possessed by Barney A. Sutton and his predecessors in title.**

(Emphases added.) Hayden explained that "[a]fter Barney A. Sutton acquired the former private alley by adverse possession and recorded [the "consolidation deed"] in 2001, [Hayden] has owned and protected it by a back border fence." Hayden

asserted that "[f]or the last twenty (20) years, [he, Hayden] has had actual possession, hostile control, exclusive use and open and notorious possession of the northwest eighteen (18) feet of 1407 Highland Avenue . . . ." Hayden argued that "[w]hen Gilderbloom purchased 1405 Highland Avenue [in June 2016], he was fully aware and had actual knowledge that the former strip was completely and totally closed, both visually and from the public record in the Deed of Consolidation[.]" Hayden contended that there were no factual disputes and that he was entitled to judgment as a matter of law because "Gilderbloom fails to show that he has any rights or cause for the real estate owned by Hayden." He attached dozens of photographs, a boundary survey, copies of deeds, and his sworn affidavit.

In response, Gilderbloom filed an affidavit in which he attested, in part, as follows:

6. When I purchased the property at 1405 Highland Ave., my rear yard was enclosed with a wood fence. A portion of that fence was across the 18-foot private alley in a north-south direction. However, that portion had a large, unlocked gate which allowed both parties access to the private alley at the rear of 1405 and 1407 Highland Ave.

7. From the time I purchased 1405 Highland Ave. in 2016 until the spring and summer of 2019 when Mr. Hayden informed me I no longer had private alley access and until he constructed a sold wooden fence across the private alley, I used the private alley at the rear of his property to haul my garbage and recycling

-5-

to the alley location where it was picked up, to bring in sod and landscaping material, and to remove debris from my rear yard and house.

8. From the time Mr. Hayden constructed the ungated fence across the private alley until the present, Mr. Hayden has prevented me from using that private alley.

In addition, Gilderbloom filed his own motion for summary judgment. Gilderbloom argued that he was entitled to summary judgment because the conveyance of the 1405 Highland Avenue included an enduring right to access the alley adjoining Hayden's back yard. He explained that "[t]he string of deeds for 1405 Highland Avenue clearly gives an owner of that property a right to 'use and enjoy the eighteen-foot alley', no matter the owner of the land the alley is on." He also noted that "the string of deeds for 1407 Highland Avenue, including the deed to Hayden, fully acknowledge [*sic*] the existence of the private alley." Gilderbloom filed in the record the listing of the property for sale indicating that the back of the property has a privacy fence and alley access with room to build a garage. He filed copies of dozens of deeds conveying each of the parties' property. Oral argument was scheduled for January 11, 2023.

Following oral arguments, the circuit court entered an order granting summary judgment to Gilderbloom on February 27, 2023. The court determined that Hayden could not show ownership of the disputed alleyway through adverse

possession or otherwise and confirmed Gilderbloom's right to use the alley as a matter of law. This appeal followed.

On appeal, Hayden argues that the circuit court erred by denying his motion for summary judgment and granting summary judgment in favor of Gilderbloom. He argues that the undisputed evidence established his ownership in fee simple of the disputed alleyway through adverse possession. We disagree.

Our role in reviewing a grant of summary judgment is to determine whether the circuit court correctly concluded that no genuine issue exists as to any material fact -- and whether, based on such facts, the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because only legal questions and the existence, or non-existence, of material facts are considered by the appellate court, a grant of summary judgment is reviewed *de novo*. *Lewis v. B & R Corp.*, 56 S.W.3d 432 (Ky. App. 2001).

An express easement is created by a written grant with the formalities of a deed. *Loid v. Kell*, 844 S.W.2d 428 (Ky. App. 1992). An easement appurtenant is an interest in land conferring the enduring right of the dominant tenement to enter the servient tenement. *Meade v. Ginn*, 159 S.W.3d 314 (Ky. 2004) (quoting 25 Am.Jur.2d *Easements and Licenses in Real Property* § 11 (1996); *see also Scott v. Long Valley Farm Kentucky, Inc.*, 804 S.W.2d 15 (Ky. App. 1991)). It invests the owner with "privileges that he cannot be deprived of at

the mere will or wish of the proprietor of the servient estate." *Louisville Chair & Furniture Co. v. Otter*, 219 Ky. 757, 294 S.W. 483, 485 (1927). An easement appurtenant inheres in the land but can be "terminated by an act of the parties (for example, abandonment, merger, or conveyance) or by operation of law, as in the case of forfeiture or otherwise." *Scott*, 804 S.W.2d at 16.

The forfeiture of easements by way of abandonment is strongly disfavored in Kentucky. *Colyer v. Coyote Ridge Farm, LLC*, 565 S.W.3d 659 (Ky. App. 2018). An easement created by a recorded deed of the dominant tenement is not extinguished by its failure to be mentioned in the deed to a subsequent purchaser of the real property under the easement. *See Dukes v. Link*, 315 S.W.3d 712, 713 (Ky. App. 2010). The terms of the conveyance determine the rights and liabilities of the parties. *See Texas E. Transmission Corp. v. Carman*, 314 S.W.2d 684 (Ky. 1958) (citing *Puckett v. Hatcher*, 307 Ky. 160, 209 S.W.2d 742 (1948)).

When Gilderbloom purchased his property at 1405 Highland Avenue, it carried with it -- as the dominant estate under existing deed covenants running with the land -- the right of enjoyment of the servient estate; namely, the disputed alley. Similarly, when Hayden purchased the property next door, it carried with it the nonexclusive right of enjoyment of the alley. By virtue of their ownership of the parcels adjacent to the alley, the parties enjoyed the relative rights and obligations that were fixed by the permanent easements established in their

respective recorded deeds. Accordingly, the alley property retained the burden of providing the dominant estates with access.

Hayden claimed that Gilderbloom's right to use the alley was lost by nonuse. However, there is nothing in the record to indicate that the easements were extinguished. Assertions or evidence indicating that Gilderbloom's successors in interest failed to make use of the alley for **any** length of time are utterly irrelevant in deciding whether Hayden had a right to preclude or obstruct Gilderbloom's entry upon it. In *Johnson v. Clark*, 22 Ky. 418, 57 S.W. 474, 475 (1900), the court observed that "mere nonuser of an easement acquired by grant does not destroy the easement[.]" Instead, there must be some act on the part of the *owner of the servient estate* which is wholly inconsistent with the existence of the easement. *Id.* (emphasis added); *City of Harrodsburg v. Cunningham*, 299 Ky. 193, 184 S.W.2d 357 (1944).

Hayden is not the owner of the servient estate; he, like Gilderbloom, was expressly granted the mere right to use it. There was no attempt in this case to provide evidence to show unequivocal conduct on the part of the owner of the servient estate consistent with an intention to discontinue the easement, which could have caused the easement to be abandoned. In short, there is absolutely no reason to conclude that the express easement granted the owner of 1405 Highland Avenue has ever been abandoned or forfeited. This is purely a matter of law

properly subject to the circuit court's determination by means of summary judgment.

We wholly reject Hayden's claim to the alley through adverse possession. Hayden had an enforceable right to utilize the alley property. His wrongful exclusion of (and/or the decision of his predecessors in interest to exclude) fellow interest holders from the alley could not ripen into his fee simple ownership of it. His wrongful exclusion of these interest holders was insufficient as a matter of law to oust the owner of the alleyway property. Moreover, the owner of the servient estate was never a party to these proceedings. Any attempt to disseize the owner of the servient estate would have required his participation as an indispensable party.

The judgment of the Jefferson Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Maurice A. Byrne, Jr.
Louisville, Kentucky

BRIEF FOR APPELLEE:

Stephen T. Porter
Louisville, Kentucky