RENDERED: JULY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1234-MR

JAMES L. STAGE AND KATHY
STAGE      APPELLANTS

v.      APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 23-CI-00006

ANGELA SKAGGS; BRAD HODSON;
AND CHESTER JAY PHILLIPS      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, LAMBERT, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE: James and Kathy Stage appeal an order of the Grayson Circuit Court that requires them to return the portion of an easement that runs through their property to the same condition it was before the Stages made it impassable for other property owners in the subdivision. After careful review, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Most of the facts are not in dispute. All litigants own at least one parcel in the Panorama Shores Subdivision in Grayson County. The parcels are located on the Rough River Reservoir. On April 1, 1985, a plat of the subdivision was filed in the Grayson County Clerk's office. The plat clearly shows a 30-foot-wide right of way or easement that begins at Thomason Cemetery Road, crosses lot 26A (owned by the Stages), then bends and continues onto lot 26 (also owned by the Stages) before continuing on through the rest of the subdivision. Angela Skaggs, Brad Hodson, and Chester Jay Phillips each own one or more parcels that are accessible via the easement. It is undisputed that the deeds associated with each parcel, including 26 and 26A owned by the Stages, reference the plat containing the easement.

It is also undisputed that, in 2002, the Stages improved the portion of the easement on their parcels by laying concrete while they were installing their driveway. However, in the summer of 2022, the Stages removed the concrete and relocated the driveway to their residence. They also erected at least one gate. In doing so, the easement became impassable to Skaggs, Hodson, and Phillips, and they collectively filed a lawsuit seeking a declaration of rights.

At a bench trial, James Stage admitted in his testimony that the easement was impassable through his property and tree saplings were growing

where the prior concrete drive stood. At the conclusion of the trial, the court stated it wanted a survey performed to determine what portion of the easement was blocked by the Stages' relocated driveway, if any. The parties agreed on a surveyor and, once completed, there were no objections to the survey filed in the trial court.

The trial court found that a portion of the Stages' new concrete drive overlapped the easement as found in the plat and indicated on the survey. It ordered that, as dominant estate holders to the portion of the easement traversing lots 26 and 26A, Skaggs, Hodson, and Phillips were entitled to "unfettered and absolute access" to the easement. It then ordered the Stages to restore the easement on lots 26 and 26A to the condition it was prior to 2022, which includes restoration of the concrete that was removed. This appeal followed.

## II. STANDARD OF REVIEW

"Because this matter was tried without a jury, we review the trial court's findings of fact for clear error. The trial court's conclusions of law are reviewed *de novo*." *Sawyers v. Beller*, 384 S.W.3d 107, 110 (Ky. 2012) (citations omitted).

### III.  ANALYSIS

On appeal, the Stages argue that the trial court erred in its interpretation of the deeds and the plat at issue.  Specifically, they argue that the trial court

> imposed a duty on the Stages to make improvements to an easement that are not required of any other lot owner. . . .  None of [the other property] owners have any duty to install any improvements, perform any repairs, or conduct any maintenance on the platted easement.  They can if they choose to do so, but whether to do so is within their exclusive discretion.

Appellant's brief at page 8.

The Stages refer to the testimony of Skaggs' father, David Byrne, and the plaintiffs in the case who testified to their understanding of what their obligation is in terms of the easement and what they are or are not permitted to do on their parcels.  The testimony regarding the understanding of the easement from the perspective of lay persons is wholly unpersuasive and misses the mark.

Easements are created by express written grant, implication, prescription, or estoppel.  An express easement is created by a written grant with the formalities of a deed.  *Loid v. Kell*, 844 S.W.2d 428, 429 (Ky. App. 1992).  It is undisputed that an express easement is at issue in the instant action.  "Two distinct tenements are involved, the dominant estate to which the right belongs and the servient estate which bears the burden."  *Scott v. Long Valley Farm Kentucky, Inc.*,

-4-

804 S.W.2d 15, 16 (Ky. App. 1991). The nature of the easement changes as it traverses the subdivision, but in the portion at issue, lots 26 and 26A, the dominant estate belongs to Skaggs, Hodson, and Phillips; the servient estate belongs to the Stages.

In their reply brief, the Stages cite to *Baker v. Hines*, 406 S.W.3d 21 (Ky. App. 2013), and *Spalding v. Louisville & N.R. Co.*, 136 S.W.2d 1 (Ky. 1940), to support their argument that they should not be forced to bear the cost of restoring the easement to its original condition. In *Baker*, this Court ruled that, subject to the reasonableness standard, "the cost to **maintain** the easement should be equitably divided between the [dominant and servient] estates." *Baker*, 406 S.W.3d at 30 (emphasis added). *Spalding* involved an incident wherein individuals were injured when their vehicle was struck by an oncoming train when attempting to cross railroad tracks on a private drive. The injured parties sued the railroad for failure to maintain its portion of the easement across the private drive by removing obstructing vegetation. Our then-highest Court ruled that, as the servient estate at the portion of the easement where the private drive traversed the railroad tracks, the railroad was under no duty whatsoever "to maintain in any way the safety of the private passway for travel." *Spalding*, 136 S.W.2d at 3.

Since both *Baker* and *Spalding* are distinguishable from the underlying facts here, we find the Stages' argument unavailing. This case is not about maintenance of the easement, it is about usability. James Stage admitted the easement is unusable. "[O]ur law holds that the servient owners must permit the free and unrestricted use of the [easement] by the owners of the dominant estate." *Sawyers v. Beller*, 384 S.W.3d 107, 111 (Ky. 2012) (citations omitted). It is undisputed that, by relocating their driveway, erecting at least one gate, and removing the concrete that had been in place until 2022, the Stages made the easement, as shown on the plat, impassable to the dominant estate holders.[1] In other words, the Stages took deliberate measures to impede the ability of Skaggs, Hodson, and Phillips to use the easement. We discern no error in the trial court's

---

[1] We note that, although servient owners do have a right to erect fences and gates on their property, it is not an unfettered right.

> Unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances of the case that such was the intention of the parties, the owner of the servient estate may erect gates across the way, **provided they are so located and constructed as to not unreasonably interfere with the right of passage**. We may add that such right is recognized, if it appear [*sic*] that the erection of a gate be necessary to protect the servient owner in the full use and enjoyment of his property, or some portion thereof.

*Mann v. Phelps*, 107 S.W.2d 288, 290-91 (Ky. 1937) (emphasis added) (internal quotation marks and citations omitted).

decision to order the Stages to return the easement to the same condition it was in prior to 2022.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the Grayson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES:

Joseph M. Harris, Jr.
Leitchfield, Kentucky